(No. 19964.—

ELEANOR V. GARRETT, Defendant in Error, *vs.* RUSSELL L. GARRETT *et al.* Plaintiffs in Error.

*Opinion filed October 25, 1930.*

ORR, J., dissenting.

TRAINOR & TRAINOR, for plaintiffs in error.

FRANK B. TEED, (MARLOW J. MADDEN, of counsel,) for defendant in error.

Mr. COMMISSIONER EDMUNDS reported this opinion:

Eleanor V. Garrett filed in the circuit court of Cook county her amended bill against Russell L. Garrett, her husband, and Vera M. Holmes, his sister, alleging, among other things, that with the purpose of defrauding complainant of her rights Garrett had fraudulently conveyed to Vera M. Holmes certain real estate owned by him. The bill prayed that the defendants be enjoined from disposing of the real estate and that complainant be granted a divorce from Garrett. After hearing had by the chancellor a decree was entered awarding the divorce, together with permanent alimony and solicitor's fees, and setting aside the purported conveyance. Defendants have sued out of this court a writ of error to review the decree.

Complainant has interposed a plea to this writ of error as against Garrett, and the sufficiency of this plea is challenged by demurrer.

The plea alleges that Russell L. Garrett was, at the time of suing out the writ of error herein, in willful contempt of the circuit court of Cook county; that he has failed and refused to comply with the orders and decrees entered by the court requiring him to pay alimony, solicitor's fees and court costs; that he was committed to the common jail of Cook county therefor, from which he was released by mistake; that he has abandoned the State of Illinois and conceals his whereabouts in order to evade the process of the circuit court of Cook county while he attempts in the proceeding herein to review the decree; that he has never attempted to purge himself of his contempt and now is in open defiance of the orders and decrees of the circuit court; that defendant in error is without any means or income of her own and is dependent upon Garrett for the funds with which to defend this writ of error, and that by his continuing contempt of court and abandonment of the State she is deprived of the means to make proper defense or sustain the decree awarded her.

The situation presented, therefore, is that a party adjudged in contempt of the trial court for failure to obey its orders, who has removed himself beyond its process and concealed himself outside of the State of Illinois, asks this court to entertain a new suit (*Great Northern Refining Co.* v. *Jeffris Lumber Co.* 308 Ill.. 342,) in which he attacks the final decree of the court which he is defying. In *Lindsay* v. *Lindsay,* 255 Ill. 442, a woman who had taken a child whose custody was in issue and left the jurisdiction of the court was adjudged in contempt because of such action. She joined in suing out a writ of error to review the judgment. This court said that as to her "the question must be considered as if she were asking affirmative relief from a court whose mandates she has refused to obey," laying down the rule that a party in contempt is not entitled to prosecute or defend an action when the nature of his contempt is such as to hinder and embarrass the due course of procedure in the cause, and concluding: "The contempt of Mrs. Lindsay affects the due course of procedure in the case by preventing the court from enforcing its decree. So long, therefore, as she remains beyond the jurisdiction of the court and has not purged herself of the contempt adjudged against her she cannot maintain a writ of error to review the correctness of the decree." Obviously, the absence of Garrett in the present case hinders and embarrasses the due course of procedure by preventing the court from enforcing its decree, and the principles announced in the *Lindsay case* are decisive against his right to maintain the writ. The most that could be said is that it is a matter within the discretion of the court whether we should hear the writ under such circumstances, (*McGowan* v. *People,* 104 Ill. 100,) and no reason is here disclosed why we should give consideration to one showing his contempt for our courts at the same time that he asks their affirmative assistance. *Smith* v. *United States,* 94 U. S. 97; *Casebolt* v. *Butler,* 175 Ky. 381, 194 S. W.

307; *Knoob* v. *Knoob,* 192 Cal. 95, 218 Pac. 568; *Skirven* v. *Skirven,* 154 Md. 267, 140 Atl. 205; *Brinkley* v. *Brinkley,* 47 N. Y. 40; *People* v. *Genet,* 59 id. 80; *State* v. *Ackerson,* 25 N. J. L. 209.

In support of the demurrer counsel urge that this case is governed by the decision in *Gordon* v. *Gordon,* 141 Ill. 160, where it was held error for the trial court to strike the answer of defendant from the files because he was in contempt for disobeying an order to pay alimony. There the trial court, after summoning a party, proposed to deprive him of his day in court. The situation in the case at bar is altogether different. Counsel cite a number of cases holding that a court of review should not dismiss an appeal where the record shows that the appellant has not complied with a trial court order to pay alimony or expense money. It does not appear in those cases that the trial courts ever adjudged the appellants therein in contempt, and the facts differ in other respects from those here involved, consequently the principles announced are not applicable to the present proceeding.

Counsel contend that the plea is bad because it fails to show that Mrs. Garrett availed herself of section 15 of the Divorce act, (Cahill's Stat. 1929, chap. 40, par. 16,) providing that in case of appeal or writ of error by the husband the trial court may grant and enforce the payment of defense money and alimony pending appeal. This is a permissive provision. There is nothing about it which requires any such conclusion as that for which counsel contend. So far as the record herein is concerned, it is apparent that any attempt of Mrs. Garrett to invoke the provision would have been without result; and it might be said further that Garrett cannot be aided by the fact that she did not make a gesture which would have been futile because he had removed himself beyond the court's jurisdiction.

The demurrer to the plea is overruled and the writ is dismissed as to Russell L. Garrett. As to the other plaintiff

in error, Vera M. Holmes, the defendant to the writ will be permitted to join in error and both parties allowed to file briefs on the merits, if they be so advised.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Edmunds is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.
*Writ dismissed as to Russell L. Garrett.*

Mr. JUSTICE ORR, dissenting.