Imogene A. Wick (now Imogene A. Strahle), Plaintiff-Appellee, v. Martin M. Wick, Defendant-Appellant.

Term No. 59–M–14.

Fourth District.

September 23, 1959.

Released for publication October 13, 1959.

Emerson Baetz, of Alton, for defendant-appellant.

Jesse R. Brown, of Edwardsville, for plaintiff-appellee.

JUDGE CULBERTSON delivered the opinion of the court.

The action under consideration in this case originated in a Petition for Citation for failure to pay support money for minor children. Defendant countered with a contempt charge against plaintiff. No petition for modification or change in the decree as to support money was filed.

It appears from the evidence that the defendant in this case consented to the entry of an order by the Trial Judge directing the defendant to pay $10,000.-82 in thirty days to a certain bank, as trustee, in lieu of paying that sum to the plaintiff for the support of the children. The bank was made trustee of the fund and provision was made for investment of the funds by the trustee bank. Defendant also made a showing that following the removal of the children from the territorial jurisdiction of the Court to the State of Michigan, by plaintiff, and the refusal of the Trial Court to modify the decree by reason of such removal, defendant caused periodic deposits to be made to the credit of the children and himself, as joint tenants, in an Illinois bank. The original decree had provided for payment of $100 per month as support money in the case.

On appeal in this case the defendant contends that it was reversible error for the Chancellor to absolve the wife of contempt for removing the children from the jurisdiction of the Court, in defiance of a specific

provision of the decree, and to hold him, the defendant, in contempt, and to order the deposit of the money with the trustee, and also to continue the original decree in force. Defendant's contention is based upon the theory that the wife was guilty of contempt barring her from recourse to a Court of Equity for the reason that she stood in defiance of the Court, and that the other conclusions were consequently improper. It was pointed out on appeal in this Court and in the record that defendant had filed no petition to modify the order of the Court to pay the $100 per month and that he consented to a final decree entered in the cause and admitted his obligation to pay by paying the money into the bank.

■ ■ We might state, as a preliminary matter, that this cause has been before us previously on different issues (Wick v. Wick, 341 Ill. App. 478). The accrued support money which was past due was a vested obligation insofar as defendant was concerned, and under the record there appears to have been no reason for disturbing such obligation and the conclusion of the Court with respect thereto appears to have been a sound and reasonable disposition of the issues involved therein (Stewart v. Stewart, 1 Ill.App.2d 283; Hurt v. Hurt, 351 Ill. App. 427). Since the welfare of the children is of paramount importance, the conclusions of the Court involved in considering the status of the children who were with the mother in another State cannot be said to be contrary to any established principles under the laws of this State. (Schmidt v. Schmidt, 346 Ill. App. 436.)

The matters under consideration in the Trial Court involved rights and interests of the parties covering nearly ten years. The record gives ample support to the contention made by plaintiff in this Court that the Chancellor did not abuse his discretion in any manner. It appears that consideration of the best interest and

welfare of the children has been the guiding principle, as it should be, in cases of this type. We find no reversible error in the actions of the Circuit Court of Madison County and the decree will, therefore, be affirmed.

Decree affirmed.

SCHEINEMAN, P. J. and HOFFMAN, J., concur.