(No. 35591.— )

IMOGENE A. WICK, (now Imogene A. Strahle), Appellee, *vs.* MARTIN M. WICK, Appellant.

*Opinion filed May 18, 1960.*

EMERSON BAETZ, of Alton, for appellant.

JESSE R. BROWN, of Edwardsville, for appellee.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

Imogene A. Strahle, formerly Imogene A. Wick, filed a petition in the circuit court of Madison County praying a contempt citation against her former husband, Martin M. Wick, for failure to pay support money for the two minor children of the parties. By motion and answer respondent sought to dismiss the petition or to stay the proceedings on the ground that petitioner herself was in contempt for removing the children from this State contrary to the terms of the divorce decree. A hearing was held, after which the court entered a decree finding that petitioner was not in contempt of court, and holding respondent in contempt for failure to make the payments for child support. It was further ordered that to purge himself of contempt respondent shall pay to the Edwardsville National Bank and Trust Company, as trustee for the two children, the sum of $10,500.82; and that the funds should be disbursed only upon order of the court. On appeal by respondent the decree was affirmed by the Appellate Court for the Fourth District. (*Wick* v. *Wick,* 22 Ill. App. 2d 493.) We have granted respondent's petition for leave to appeal to this court.

The record shows that on March 5, 1957, the circuit court of Madison County granted petitioner a divorce on the ground of cruelty. She was awarded custody of the two minor children, Sharon Lynn, born 1942, and

Patricia Gene, born 1945; and respondent was ordered to pay support money for the children at the rate of $100 per month. The decree further provided that he was to have the right to visit the children at all reasonable times and to have temporary custody at his home for periods of not more than one day at reasonable intervals, and that "the plaintiff shall not remove the said children from the County of Madison in the State of Illinois and shall rear the said children as communicants of the Roman Catholic faith, provided, however, for the next three months plaintiff may take said children from said county and state and thereafter for reasonable periods of time."

A month after entry of the decree the petitioner remarried and took the children to the State of Michigan, where they have resided ever since. The father, who remained a resident of Madison County, thereafter unsuccessfully sought a modification of the decree so as to give him custody of the children. (See *Wick* v. *Wick*, 341 Ill. App. 478.) He had made the support money payments for three months after the divorce decree, but then discontinued them. Instead he made deposits in bank accounts, in the original home community of the parties, to the credit of the children and himself as joint tenants, approximating the amounts which accrued under the original decree. At the time of the hearing herein he had deposited a total of $5,250.43 to the joint account of his daughter Sharon and himself, and the sum of $5,250.39 to the joint account of his daughter Patricia and himself.

To reverse the decree respondent urges that while petitioner stands in violation of the decree she cannot be heard to seek its enforcement. It is the general rule that a party who refuses to obey the mandate of the court, and who has been adjudged in contempt for such refusal, is not entitled to prosecute or defend an action when the nature of the contempt is such as to hinder and embarass the due course of procedure in the cause. (*Garrett* v. *Garrett*, 341 Ill. 232;

*Lindsay* v. *Lindsay*, 255 Ill. 442.) Consideration is not ordinarily given to one who shows his contempt for the courts at the same time that he asks their affirmative assistance. In the case at bar it is undisputed that petitioner did not comply with the requirement that she shall not remove the children from the State, and no attempt was made by her to obtain permission of the court to take them outside its jurisdiction.

Where a proper showing is made that it would better promote the welfare and interests of the children, the courts have not hesitated to allow them to be taken to another State. (*Wolfrum* v. *Wolfrum*, 5 Ill. App. 2d 471; *Schmidt* v. *Schmidt*, 346 Ill. App. 436.) But to obtain the right to so remove the children it is necessary that the person having custody apply to the court for an appropriate modification of the decree. Only the court has authority to change the provisions of its decree or to decide what shall best serve the interests of the children. The mother is not free to take matters in her own hands and establish a residence for the children in some other State, thus depriving the father of visitation rights and placing herself and the children where they cannot be reached with process. *Trimble* v. *Trimble*, 16 Ill. App. 2d 408.

In view of petitioner's departure from the State in violation of the decree, we do not think respondent's conduct amounts to a contempt of court under the circumstances shown in this case. He did not unconditionally fail or refuse to make further payments but established bank accounts for the children's benefit into which he deposited sums substantially equivalent to those becoming due under the decree. His purpose in doing so, as he testified, was to keep the money for the children rather than permit its disbursal for other purposes outside the supervisory powers of the court. He expressed his willingness to place the accumulated funds in the hands of a trustee to be named by the court, or in the registry of the court, and on the

entire record it is evident that he is not indifferent to his duties as a parent.

It is true, as petitioner argues, that payment of past-due support money may ordinarily be compelled even though the child has been removed from the jurisdiction of the court contrary to the terms of the decree. (*Trimble* v. *Trimble,* 16 Ill. App. 2d 408; *Hurt* v. *Hurt,* 351 Ill. App. 427; *Elkind* v. *Harding,* 104 Ohio App. 322, 143 N.E.2d 752.) As the Ohio Court observed in the *Elkind case* "We are not unmindful of the hardships which sometimes occur, when the parent, who is awarded custody of a child in a divorce case, removes the child from the jurisdiction of the Court, and it becomes expensive and greatly inconvenient for the other parent to enjoy his visiting privileges. However, this can be avoided by decree of Court, and should not affect the primary duty of the father to support his child."

In determining the propriety of orders in enforcement proceedings it is necessary, however, that each case be viewed in the light of its own peculiar facts. The power to enforce payment of support money by contempt is limited to cases of wilful and contumacious refusal to obey the order of the court. (See *Mesirow* v. *Mesirow,* 346 Ill. 219, 222; *Shuff* v. *Fulte,* 344 Ill. App. 157; 16 I.L.P. 368, Divorce, sec. 193.) In the case at bar it is evident that although respondent did not fully comply with the decree in regard to making support money payments, his conduct was not of a wilful and contumacious character. The trial court therefore erred in finding him in contempt of court.

The judgment of the Appellate Court and the decree of the circuit court are reversed, and the cause is remanded to the circuit court of Madison County with directions to dismiss the petition for want of equity.

*Reversed and remanded, with directions.*

Mr. JUSTICE DAILY, dissenting.