## Beverly Burns, Appellee, v. Frederic A. Burns, Appellant.

### Gen. No. 48,422.

First District, Third Division.

February 7, 1962.

Maurice A. Frank and Philip M. Bloom, of Chicago, for appellant.

Bernard C. Arkules, of Chicago, for appellee.

MR. PRESIDING JUSTICE McCORMICK delivered the opinion of the court.

This appeal is taken from orders of the Superior Court of Cook County which, among other things, awarded the custody of a minor child, Lyn Ann Burns, to Beverly Betz, formerly known as Beverly Burns, hereinafter referred to as plaintiff.

On November 6, 1959 the Superior Court entered a decree of divorce in favor of the plaintiff against Frederic A. Burns, hereinafter referred to as defendant. In that decree the court awarded the custody of a minor child, Robert Michael Burns, to the plaintiff, and in the same decree the custody of the other minor

child, Lyn Ann Burns, was awarded to the defendant, with rights of visitation in both cases.

From the report of proceedings certified by the judge of the trial court it appears that on October 18, 1960 the plaintiff petitioned the court for leave to remove Robert Michael Burns, the minor son, from the jurisdiction of the State of Illinois. The defendant was present in court and was represented by counsel. He requested time to file an answer to the petition and for hearing thereon. An order was entered allowing him three days to file an answer, and the matter was set for hearing on October 21, 1960. On October 18th the plaintiff turned over the said minor child to the defendant under the rights of visitation in the decree, with the understanding that the child would be returned to her by 6:00 p. m. on the same day according to the custom and agreement of the parties. The defendant did not return the child to the custody of the plaintiff, and on October 21, 1960 the plaintiff presented a petition for a rule to show cause why defendant should not be held in contempt of court for failure to return the minor child, Robert Michael Burns, to the plaintiff. The defendant was not present in court but was represented by counsel. The court entered an order granting the plaintiff leave to remove the said child from the jurisdiction of the State of Illinois, and further entered a rule on defendant to return the child to the custody of the plaintiff forthwith. Defendant's counsel was refused the right to file an answer to plaintiff's petition by the trial court for the reason that the petition did not bear the signature of the defendant and the defendant was not present in court. On October 24, 1960 the plaintiff presented a petition requesting that the defendant be held in contempt of court for failure to comply with the order of October 21st ordering the defendant to return the child to the custody of the plaintiff. The

35

defendant was not present in court but was represented by counsel. Counsel objected to the entry of such an order because a rule had not been served upon the defendant. Plaintiff's counsel advised the court that the defendant's whereabouts were unknown to plaintiff and further that his attorneys were served with notice of this petition and a copy was mailed to the defendant's last known address. The court overruled the objection and entered an order for a writ of attachment against the defendant. On November 16, 1960 plaintiff's counsel presented a petition to the court requesting an order requiring certain witnesses to be examined concerning the whereabouts of the defendant and the said minor child, and an order to that effect was entered. The witnesses were examined by plaintiff's counsel in court and they testified that they knew nothing of the defendant's whereabouts or that of the minor child. On December 22, 1960 the plaintiff filed a petition in which she alleged that the defendant has concealed himself and the minor children of the parties, Robert Michael and Lyn Ann Burns, contemptuously disregarding the orders and decrees of the court. The petition further alleges that the plaintiff has remarried and resides at Mackinac Island, Michigan, with her husband, and that she can provide a full and complete home for the minor child, Lyn Ann Burns, and that it would be in the best interest of the said minor child, Lyn Ann, if her custody was given to the plaintiff.

On December 22, 1960 there was a hearing before the trial judge. The defendant did not appear and his counsel offered a written motion to strike the petition. The court refused to accept it unless it was signed and acknowledged by the defendant. Counsel then stated to the court that he desired to present evidence re-

garding the unfitness of the plaintiff to have custody of the other child. The court stated that he would not hear any evidence until such time as the defendant is willing to come in and purge himself of his contempt in disobeying the order of the court to return Robert Michael, the minor child, to the custody of the plaintiff. The court thereupon entered an order denying the defendant's right to present evidence in defense of plaintiff's petition for custody until such time as defendant purges himself of contempt, and in the order the court finds "that Defendant has been adjudged in contempt of Court and is not present in Court." On the same day the court entered a further order on the petition of the plaintiff giving full custody, control and education of the minor child of the parties, Lyn Ann Burns, to the plaintiff. In the order it is recited that the defendant has contemptuously disregarded the previous orders and decrees of the court, and leave is given to the plaintiff to remove the person of Lyn Ann Burns from the State. This appeal followed.

The defendant here contends that the orders of December 22, 1960 were erroneously entered inasmuch as the court heard no evidence as to the fitness or unfitness of the parties or as to the best interests of the child, and that the court improperly denied the defendant the right to file pleadings or to present evidence.

The plaintiff urges that the defendant should not be allowed to attack the orders of the Superior Court relating to the change of custody of Lyn Ann Burns while he fails to obey the orders of the court with reference to the custody of Robert Michael Burns and the visitation provisions of the divorce decree relating to Lyn Ann Burns, that the contempt of the

defendant in concealing himself and the two minor children hindered and embarrassed the orderly administration of justice, and that the trial court acted properly in not allowing his counsel to proceed in any manner without the person of the defendant in court. The plaintiff argues that this court should either affirm the orders of the trial court or order the defendant to purge himself of contempt within a stated time, and in the event he does not do so that the orders of the trial court should be affirmed.

In Wick v. Wick, 19 Ill2d 457, 167 NE2d 207, the plaintiff was granted a divorce and awarded the custody of two minor children. The defendant was ordered to pay support money for the children at a specified rate per month, and the order provided that the plaintiff shall not remove the children from the State of Illinois, the defendant being given the right of visitation. The plaintiff remarried and took the children to the State of Michigan. The father sought a modification of the decree to give him custody of the children. He had made the support money payments for three months after the divorce decree but then discontinued them. Instead he made deposits in banks to the credit of the children and himself as joint tenants, approximating the amounts which accrued under the original decree. The plaintiff filed a petition in the Circuit Court asking for a contempt citation against the defendant for failure to pay support money. The defendant moved to dismiss the petition or to stay the proceedings on the ground that petitioner herself was in contempt for removing the children from the State. After a hearing, the trial court held that the petitioner was not in contempt of court and held respondent in contempt for failure to make payments for child support. On appeal the decree was affirmed by the Ap-

■■■■

pellate Court, 22 Ill App2d 493, 161 NE2d 368, and an appeal taken to the Supreme Court.

In its opinion the Supreme Court says:

> "To reverse the decree respondent urges that while petitioner stands in violation of the decree she cannot be heard to seek its enforcement. It is the general rule that a party who refuses to obey the mandate of the court, and who has been adjudged in contempt for such refusal, is not entitled to prosecute or defend an action when the nature of the contempt is such as to hinder and embarrass the due course of procedure in the cause. (Garrett v. Garrett, 341 Ill 232; Lindsay v. Lindsay, 255 Ill 442.) Consideration is not ordinarily given to one who shows his contempt for the courts at the same time that he asks their affirmative assistance. In the case at bar it is undisputed that petitioner did not comply with the requirement that she shall not remove the children from the State, and no attempt was made by her to obtain permission of the court to take them outside its jurisdiction.
>
> ". . .
>
> "In view of petitioner's departure from the State in violation of the decree, we do not think respondent's conduct amounts to a contempt of court under the circumstances shown in this case."

The court holds that in determining the propriety of orders in enforcement proceedings it is necessary that each case be viewed in the light of its own peculiar facts and that in this case the failure of the defendant to comply with the decree in making support money payments was not of a wilful and contumacious character. The court reversed the judgments of the Appellate Court and the trial court.

39

In Garrett v. Garrett, 341 Ill 232, 173 NE 107, the court says:

"Obviously, the absence of Garrett in the present case hinders and embarrasses the due course of procedure by preventing the court from enforcing its decree, and the principles announced in the Lindsay case are decisive against his right to maintain the writ. The most that could be said is that it is a matter within the discretion of the court whether we should hear the writ under such circumstances, (McGowan v. People, 104 Ill 100), and no reason is here disclosed why we should give consideration to one showing his contempt for our courts at the same time that he asks their affirmative assistance. . . . [Citing cases.]"

See 12 ILP Contempt, sec 102.

In Henderson v. Henderson, 329 Mass 257, 107 NE 2d 773, the husband brought proceedings against the wife for the custody of the child of the parties. The husband had been granted custody. The wife took the child from the custody of the husband and to parts unknown. The wife had at no time disclosed the whereabouts of the child even to her own counsel. The wife appealed from a decree denying her motion to vacate the decree for custody and from a decree denying her motion to dismiss the proceedings. The husband filed a motion to dismiss the appeals on the ground that the wife has wilfully violated the order for custody and that in other respects she has been guilty of unconscionable, inequitable and contemptuous conduct. The court holds that the wife was admittedly in continued contempt of the court whose decrees she seeks to reverse, and the court further says that ample authority exists elsewhere for granting the motion, citing a number of cases,

40

among others Lindsay v. Lindsay, supra. The court did not dismiss the appeals but ordered the motion to dismiss to be continued for thirty days with the proviso that if the wife returned the child to the custody of the husband the motion would be denied and the case would be decided on the merits, otherwise the motion to dismiss the appeal would be allowed. Similar orders were entered in Pike v. Pike, 24 Wash 2d 735, 167 P2d 401, and Tobin v. Casaus, 128 Cal App2d 588, 275 P2d 792, 49 ALR2d 1419.

An order of similar purport was entered in Wear v. Killeen, 38 Ill 259, where an appeal under the statute was taken to the Circuit Court from a judgment of a justice of the peace. The Circuit Court sustained a motion to dismiss the appeal because of a defect in the appeal bond. The Supreme Court says:

> "The proper practice in all such cases is, after the bond is adjudged informal or otherwise insufficient, to enter a rule against the appellant, that unless he executes and files a sufficient bond by a day to be named in the rule, the appeal will be dismissed. This would comply with the spirit and object of the statute."

The court reversed the judgment of the Circuit Court dismissing the appeal and remanded the cause with instructions to the trial court to reinstate the appeal on the docket and fix a reasonable time within which the appellant shall execute and file a sufficient bond.

National Union v. Arnold, 348 US 37, holds that neither the due process nor the equal protection clause of the 14th amendment is violated where a state appellate court dismisses an appeal from a money judgment as a reasonable measure for safeguarding the collectibility of that judgment, where such appeal is dismissed for appellant's failure to purge himself

41

within the time prescribed by the appellate court of contempt committed in supplementary proceedings in the trial court by his failure to deliver specified assets to the court, which were to be received for safekeeping pending disposition of his appeal.

On oral argument in the instant case counsel for defendant stated that at that time he did not know the whereabouts either of his client or of the children. It would be a travesty on justice to say that a litigant can disobey a decree of the court with reference to the custody of a child, take the child to a place unknown and defy the orderly legal processes of the courts, and then can seek the aid of this court in determining whether or not his rights were adequately protected by the trial court. We would have the right to summarily dismiss this appeal. However, instead of dismissing the appeal, we enter an order that the appeal will be dismissed thirty days after the date of filing of this opinion unless within that period the defendant files in this court a supplementary record showing that he has appeared in his own proper person in the trial court and has returned the custody of the minor Robert Michael Burns to the plaintiff, and if he fails to file such supplementary record an order will thereupon be entered dismissing the appeal, without filing a further opinion.

DEMPSEY and SCHWARTZ, JJ., concur.