Edward Hershenson, Plaintiff-Appellee, v. Bertha Hershenson, Defendant-Appellant.

Gen. No. 49,172.

First District, Third Division.

December 20, 1963.

Thomas A. Mass, Jr., of Chicago (Leon N. Miller, Richard F. McPartlin, Jr., and Russel G. Miller, of counsel), for appellant.

Nathan Kessler and Meyer Weinberg, of Chicago (Meyer Weinberg and Harry G. Fins, of counsel), for appellee.

MR. PRESIDING JUSTICE SCHWARTZ delivered the opinion of the court.

This is an appeal from an order granting a temporary injunction restraining defendant Bertha Hershenson from proceeding with a suit for separate maintenance in the Superior Court of California, in and for Los Angeles County, and from instituting or filing any other proceeding in any court in California or in any other state of the United States, seeking separate maintenance or divorce. The injunction was issued without notice and without bond.

On July 25, 1962, plaintiff Edward Hershenson filed a complaint for divorce on the ground of desertion. He charged that for some years defendant claimed to be ill and ailing and that on or about May 8, 1960,

she insisted that they take a trip to California in the expectation that a long vacation in a warm climate might have a beneficent effect on her "alleged and supposed aches, pains and illness"; that as a matter of fact, she had in mind a fraudulent plan to elude the laws of Illinois and to procure a divorce in California, even though she knew they were both residents of Illinois; that pursuant thereto, on February 14, 1961, she filed a proceeding for separate maintenance in the Superior Court of California, in the County of Los Angeles, based not on failure or refusal to support, but on the existence of an alleged cause for divorce; that her purpose was to seek relief in California which she could not legally obtain in Illinois; and that if she were permitted to continue with her lawsuit, it would be in furtherance of that plan; that plaintiff has always provided for her; and that neither he nor his wife had the requisite residential requirements for proceeding with a divorce in California. He filed a motion to quash the summons served on him in the California proceeding. It was sustained by the Superior Court of California, but his wife appealed from that order to the Second District Appellate Court of California. Service was held good, and the order of the Superior Court was reversed on May 21, 1961 (21 Cal Repts 861). On rehearing, the California Appellate Court adhered to its original order of reversal (23 Cal Repts 185).

On February 20, 1961, prior to the instant suit, the plaintiff had filed suit for divorce in the Superior Court of Cook County, in which proceedings he had an order entered providing for the payment of $500 a month to his wife. That suit was dismissed following the order of the California trial court sustaining his motion to quash. That dismissal, plaintiff avers, was solely for the purpose of disposing of all litigation and thereby demonstrating his good faith, thus in-

175

ducing his wife to resume their marital relationship, but that she refused to meet with him or to respond to his overtures for reconciliation. Instead, she appealed from the order quashing the writ of summons in her suit in the California court, with the result hereinbefore set forth, and it was after that decision adverse to him that plaintiff filed the instant suit.

■ The complaint in the suit before us charges that Bertha Hershenson deserted her husband on February 14, 1961, prays for divorce, and for such injunctions or restraining orders as are necessary and proper in the premises. There is no averment in the complaint or in the affidavit supporting it to warrant the issuance of an injunction without notice and without bond. In Berenson v. Berenson, 34 Ill App2d 376, 379, 181 NE2d 357, 359, the court said:

> "Section 3, Chap 69, Ill Rev Stats, 1961, requires notice before the granting of an injunction unless the plaintiff would be unduly prejudiced. . . . No presumptions are to be indulged in favor of action without notice. An injunction without notice should not be granted unless it is made clearly to appear from the facts recited and verified that the rights of the applicant will be unduly prejudiced unless the injunction be granted without notice."

Bond is also required, but may be waived when for good cause shown the judgment ought to be granted without it. Ill Rev Stats, c 69, § 9 (1961). In Skarpinski v. Veterans of Foreign Wars of United States, 343 Ill App 271, 274, 98 NE2d 858, 859, this court said:

> "In the most primitive concepts of justice, one of the fundamental requisites for the exercise of judicial authority over the person or property of another is notice. The exceptions to this rule are rare, indeed. They embrace cases where by a

176

stroke of the pen, a movement of the hand, or a tour de force executed overnight the defendant intends to and can destroy the substance of the litigation and thus defeat the power of the court to do justice. Caution and circumspection must be the watchwords to guide the court's action and any doubts as to its wisdom must be resolved against the action. Only where these standards are meticulously observed will such orders survive review, for when an injunction is issued without notice in a case where notice should have been given, this court will reverse the order upon that ground without regard to any other question. This has been the law as laid down in decisions of this court for more than half a century."

The averment in the complaint that if defendant Bertha Hershenson were permitted to continue with her lawsuit, it would be in furtherance of her plan to avoid the laws of Illinois, and would be a fraud upon the laws and policies of this state and of California, is not adequate.

Plaintiff argues that a temporary injunction may be issued to restrain Illinois residents from proceeding with an action for divorce or separate maintenance in another state. This is correct, and there is no contention on the part of the defendant to the contrary.

 Plaintiff argues that defendant, having appeared by her attorneys and pleaded to the merits, thereby waived all question of jurisdiction. The defendant states specifically that for the purpose of this appeal, she has appeared generally and that she cannot urge the defense involved in the special appearance she filed, which the trial court construed as a general appearance. This does not prevent her from charging error in the granting of the temporary injunction.

■ It is also contended that defendant, by pleading to the merits and by seeking affirmative relief, has waived all question of notice and bond. The motion to vacate was not superseded by the answer, and that motion properly raised the question of notice and bond. In Grossman v. Grossman, 304 Ill App 507, 26 NE2d 678, cited by plaintiff, the points here made with respect to notice and bond were not made.

■ It is urged in the instant case that no report of ex parte proceedings on motion for the temporary injunction is included in the record on appeal, and that we should assume that there was other evidence heard or presented on which the court issued the injunction. Where an injunction is issued without notice, so that the opposing party cannot be present and make a record, it would be unreasonable to require that he preserve the evidence heard by the court. The burden must be on the party seeking the injunction to make and preserve the record. In the absence of a record, we will assume that the complaint and the affidavit or affidavits supporting it constitute the basis upon which the court ordered the injunction writ to issue.

Plaintiff argues that defendant has acted in wilful and open defiance of the order of the Superior Court of Cook County and therefore she should not be permitted to prosecute this appeal. Four cases are cited by plaintiff. We will examine them.

In Lindsay v. Lindsay, 255 Ill 442, 99 NE 608, a proceeding in the Juvenile Branch of the Circuit Court to declare a child a dependent, the defendant mother gave assurances to the court that the child would be present at the time set for hearing. Instead, she took the child out of the jurisdiction. The trial court, notwithstanding her absence, proceeded with the hearing, found the mother in contempt, found that the child was a dependent, and awarded custody to the peti-

178

tioner. The mother then sued out a writ of error. The Supreme Court held that the suing out of the writ of error was in effect bringing a new suit in which the defendant below became the plaintiff, and the plaintiff below became the defendant, and that so far as the mother was concerned, the question was to be considered as if she were asking affirmative relief from a court whose mandates she had refused to obey. The court held that the nature of her contempt was such as to hinder and embarrass the due course of procedure and that it prevented the court from enforcing its decree. In the instant case, defendant's appeal is a matter of right under the statute. The other distinctions are apparent.

Garrett v. Garrett, 341 Ill 232, 173 NE 107, cited by defendant, also involved the suing out of a writ of error to review a finding that the defendant was guilty of contempt in refusing to obey a decree of divorce requiring him, among other things, to pay alimony and solicitors' fees. The Supreme Court held that it was a matter of discretion whether the appeal would be heard where the defendant was in wilful contempt for having failed to comply with the order of the court, where he was committed to jail, released by mistake, and had abandoned the state and concealed his whereabouts to evade the process of the court. It bears little resemblance to the instant case.

In Wick v. Wick, 19 Ill2d 457, 461, 167 NE2d 207, 210, a wife sought a contempt citation against her former husband for failure to pay support money for their two children. The husband defended on the ground that the petitioner was herself in contempt for removing the children from the state contrary to an order which required that they remain in Illinois. The trial court held that the wife was not in contempt, but that the petitioner was in contempt for failure to make payments for the children's support. The ap-

pellate court affirmed the order and on appeal the supreme court reversed the finding of contempt and remanded, saying that in view of the actions of the wife the respondent's conduct did not amount to a contempt of court. *"In determining the propriety of orders in enforcement proceedings it is necessary . . . that each case be viewed in the light of its own peculiar facts."* (Emphasis supplied.)

In Burns v. Burns, 35 Ill App2d 34, 181 NE2d 605, a decree of divorce gave custody of one child, a son, to the wife, and another, a daughter, to the husband, with rights of visitation in both cases. The wife petitioned to take the boy out of the state, whereupon the husband, having custody of the boy for the day, took both children out of the state or concealed them and did not answer the petition. The wife obtained a contempt citation against the husband and orders demanding the return of the boy and the permanent transfer to her of the girl. On appeal the court held that the husband through his attorney could not argue that evidence had not been taken as to the wife's fitness to provide a home for the girl, or that the interest of the children had not been consulted. The court referred to the cases hereinbefore cited and held that the order of the trial court should be affirmed if within thirty days the defendant husband did not appear and purge himself of the contempt.

In all these four cases, unlike the instant case, the appellant had been found in contempt of court. In three of them, Lindsay, Garrett and Burns, the contemnor had left the jurisdiction, and the nature of the contempt, in the words of Lindsay v. Lindsay, supra, was such as "to hinder and embarrass the due course of procedure." In the instant case the defendant was in California, was served there, and has remained there. The trial judge has decided that she has made a general appearance. This determination

180

must be accepted by us, since the decision of the trial court on that point is not reviewable at this stage of the litigation.

As far as we can see, defendant's action is not such as to hinder and embarrass the due course of procedure. If plaintiff maintains his case, he can be granted the relief he seeks, so far as the jurisdiction of the Illinois courts permit. We can see, however, that there appears in the offing one of those tragic marital contests involving jurisdictional disputes between state courts which have sometimes found their tumultuous way to the Supreme Court of the United States. It is for the parties themselves to forestall that calamity.

■ One final point remains to be considered. Plaintiff contends that the appeal was not filed in apt time. He argues that a motion to quash service of summons and to dismiss the proceedings which was filed by defendant on August 24, 1962, was, in fact, a motion to vacate the injunction. This motion was denied on December 20, 1962, and the period for appeal would therefore have expired thirty days thereafter, or on January 19, 1963. The motion to vacate was a separate motion, filed February 15, 1963. It is our conclusion that the motion to dismiss was not a motion to vacate the order granting the temporary injunction and that the appeal was taken in proper time.

The order is reversed and the cause is remanded with directions to dissolve the temporary injunction and for such other and further proceedings as are not inconsistent with the views expressed in this opinion.

Order reversed and cause remanded with directions.

McCORMICK and DEMPSEY, JJ., concur.