Carolyn R. West, Plaintiff and Counterdefendant-Appellee, v. Eugene B. West, Defendant and Counter-plaintiff-Appellant.

Gen. No. 69–161.

Second District.

June 9, 1970.

Albert A. Brown, of Chicago, for appellant.

Eugene A. French and John J. Henderson, of Chicago, for appellee.

JUSTICE THOMAS J. MORAN delivered the opinion of the court.

This appeal, brought by the defendant, is from an order denying his petition seeking custody of the minor child of the parties.

On August 14, 1968, after a complaint for divorce was filed, an order was entered granting temporary custody of the minor child to the plaintiff. The order also granted the plaintiff permission to remove the child from the jurisdiction, provided the child would be returned on September 30, 1968. The plaintiff failed to return the child and on October 31, 1968, was found to be in contempt of court.

On December 18, 1968, a trial was had on the defendant's counterclaim for divorce which resulted in his being granted a divorce and custody of their child. The defendant went to Colorado, where the plaintiff and child were residing and, on January 6, 1969, the parties entered into a written stipulation relative to the custody of the child. On January 9, 1969, the trial court entered an order based upon the stipulation.

On April 7, 1969, the defendant filed a petition seeking to modify this last order as it pertained to the custody provisions. On June 24, 1969, a hearing on the petition concluded with an order granting the plaintiff custody of the child and, further, provided that the defendant was to turn the child over to the plaintiff forthwith. Arrangements between the parties were made whereby the plaintiff was to pick up the child at the defendant's home. When she arrived to do so, she was informed by the defendant's father that the defendant and child were gone and that he had no knowledge as to when they would return.

On June 27, 1969, the trial court entered an order holding the defendant in contempt and allowed the issuance of a writ of attachment. Subsequently, a notice of appeal was filed from the order of June 24, 1969. After the defendant filed his briefs herein, the plaintiff filed a motion to dismiss the appeal based upon the defendant's failure to purge himself of contempt of court. Objections

were filed which claimed the plaintiff was not diligent in filing of the motion and further that the order holding her in contempt was still in force. The motion and objections were ordered taken with the case.

It is a fact that, earlier in these proceedings, the plaintiff had been found in contempt of court for failure to return the child to this jurisdiction on September 30, 1968, and that the order has never been vacated. However, it is also a fact that within days after the defendant was first given sole custody of the youngster by the decree of divorce, he traveled to Colorado where the plaintiff and child were residing, entered into a stipulation which allowed him only partial custody and returned with the child. From that time, until the present, he has had custody of the child of the parties. During oral argument, defendant's counsel, upon inquiry, informed this Court that he did not know the whereabouts of his client or the child.

We are of the opinion that the objections filed against the motion to dismiss this appeal are insufficient to conclude that the motion should be denied.

We do conclude, and it is hereby ordered, that this appeal will be dismissed without further opinion, unless within thirty days after the date of filing of this opinion, the defendant files in this Court an additional record showing that he has, in his own proper person, appeared in the trial court and has turned the custody of Tammie West, the minor child of the parties hereto, over to the plaintiff. See, Burns v. Burns, 35 Ill App2d 34, 42, 181 NE2d 605 (1962).

DAVIS, P. J. and ABRAHAMSON, J., concur.