*In re* MARRIAGE OF RICHARD A. MARKS, Petitioner-Appellee, and
GABRIELLE H. MARKS, Respondent-Appellant.

Second District    No. 80-433

Opinion filed May 13, 1981.

David H. Locke and Robert A. Handelsman, both of Robbins, Coe, Rubenstein & Shafran, of Chicago, for appellant.

William J. Stogsdill, Jr., William E. Boylan, and William I. Ferguson, all of Kowalczyk & Stogsdill, of Glen Ellyn, for appellee.

Mr. JUSTICE REINHARD delivered the opinion of the court:

The petitioner, Richard A. Marks, was granted a dissolution of his marriage to Gabrielle H. Marks, respondent, and was further awarded custody of their three-year-old son and all the real and personal property of the parties, subject to petitioner being responsible for certain debts and a mortgage on the family home. Respondent appeals alleging as error the following: (1) that the trial court erred in refusing to abstain from deciding the merits of the dissolution of the marriage and the custody of the child in view of an earlier-filed similar action by respondent in West Germany; (2) that there was insufficient evidence at trial to support the awarding of custody of the child to the petitioner; and (3) that there was insufficient evidence at trial to support the awarding of all marital property to petitioner.

The parties were married in 1969 in West Germany, but moved to Illinois shortly thereafter and have resided here for 11 years. Respondent was and still is a citizen of West Germany, while the petitioner has always been a citizen of the United States. Their only child, Peter A. Marks, was born on May 1, 1977. The parties resided in the family home in Glen Ellyn which they purchased approximately six years before these proceedings. On March 19, 1980, petitioner filed his petition for dissolution of marriage and sought custody of their son, sole ownership of the home and a "just proportion" of the remaining marital property. The petition alleged that respondent left with the child on December 18, 1979, and went to West Germany upon her representation to petitioner that she was going there for a vacation with her parents and that she would be returning on or about February 5, 1980. The petition further alleged that she failed to return and then represented to petitioner that she and the child would never return to the United States.

Service of process was by publication. The trial court entered a temporary restraining order and later a preliminary injunction against respondent from proceeding with any matrimonial action in any other jurisdiction and awarding temporary custody of the child, who was still in West Germany, to the petitioner. On May 5, 1980, a hearing was held on a special and limited appearance and supplement thereto filed by respondent which sought to quash the service by publication and have the court abstain from exercising jurisdiction because of a pending divorce action filed first by respondent in West Germany. The court found it had *in rem* jurisdiction by publication and dismissed the motion to quash service. It further found that the respondent's request that the court abstain from exercising its jurisdiction went beyond challenging jurisdiction and thereby submitted respondent to the *in personam* jurisdiction of the court.

The case proceeded to trial uncontested on May 5, 1980, with the

respondent not being present. The court granted a dissolution of the marriage, awarded custody of the child to the petitioner and awarded him all the real and personal property subject to certain debts. Subsequently, the petitioner filed a rule to show cause why the wife should not be held in contempt for failure to surrender custody of the child to the petitioner pursuant to the written judgment entered May 12, 1980. On July 3, 1980, respondent was held in contempt and sentenced to 30 days in jail and assessed attorney fees. Respondent does not challenge the contempt finding in her appeal. At the time of oral argument before this court respondent still had not surrendered custody of the child to the petitioner and remains in violation of the custody order of the trial court.

Initially, we address the issue raised in petitioner's brief that, by respondent's continued refusal to obey the trial court's award of custody of the child to petitioner and her adjudication of contempt for that reason, she is barred from access to the appellate court until she presents herself or the child to the trial court. Cited for this proposition is *West v. West* (1970), 125 Ill. App. 2d 251, 261 N.E.2d 31. Respondent replies that section 602(b) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1979, ch. 40, par. 602(b)) prohibits the judiciary in a custody hearing from considering any conduct of the custodial parent that does not effect his relationship with the child.

■■ ■ Addressing first the respondent's interpretation of section 602(b) which provides that "[t]he court shall not consider conduct of a present or proposed custodian that does not affect his relationship to the child," we believe that language to be applicable to evidentiary matters at trial rather than a limitation on our power of review. (See generally Ill. Ann. Stat., ch. 40, par. 602, Historical and Practice Notes, at 20 (Smith-Hurd 1980).) Article VI, section 16, of our constitution places the responsibility for rules governing appeals in the supreme court and not in the General Assembly, and any legislative enactment in conflict with the rules of the supreme court governing appeals would be invalid. (*In re Marriage of Lentz* (1980), 79 Ill. 2d 400, 403 N.E.2d 1036.) We therefore reject respondent's argument in this respect.

■■ ■ It is the general rule that a party who refuses to obey the mandate of the court, and who has been adjudged in contempt for such refusal, is not entitled to prosecute or defend an action when the nature of the contempt is such as to hinder and embarrass the due course of procedure in the cause. (*Garrett v. Garrett* (1930), 341 Ill. 232, 173 N.E. 107.) Consideration is not ordinarily given to one who shows his contempt for the courts at the same time that he asks their affirmative assistance. (*Wick v. Wick* (1960), 19 Ill. 2d 457, 460, 167 N.E.2d 207.) Yet it is within the discretion of the court whether to hear the matter or not under the circumstances of the case. (*Garrett v. Garrett* (1930), 341 Ill. 232, 173 N.E.

107.) In *Garrett* the supreme court refused to consider an appeal by a party adjudged in contempt for failure to obey a trial court order and who removed himself beyond its process and concealed himself outside the State of Illinois. Also, in *Lindsay v. Lindsay* (1912), 255 Ill. 442, 99 N.E. 608, appellant had been found in contempt of court for taking the child which was the subject of the custody proceedings out of the jurisdiction. The essence of the court's holding is equally applicable:

"The contempt of Mrs. Lindsay affects the due course of procedure in the case by preventing the court from enforcing its decree. So long, therefore, as she remains beyond the jurisdiction of the court and has not purged herself of the contempt adjudged against her she cannot maintain a writ of error to review the correctness of the decree." (255 Ill. 442, 445-46.)

These decisions reflect the more recent trend in those jurisdictions which have considered the question. See Annot., 49 A.L.R.2d 1425, 1430 (1956).

In *West v. West* (1970), 125 Ill. App. 2d 251, 261 N.E.2d 31, our court was presented circumstances where the appellant had sought a petition to modify a previously stipulated custody order. After the hearing on this petition, the appellee was given custody, but the appellant took the child and continued to defy the custody order of the court. After he was found in contempt *in absentia*, he appealed the custody order, but continued to keep the child and his whereabouts unknown to everyone including his lawyer on appeal. The court dismissed the appeal upon motion and refused to decide the merits stating:

"We do conclude, and it is hereby ordered, that this appeal will be dismissed without further opinion, unless within thirty days after the date of filing of this opinion, the defendant files in this Court an additional record showing that he has, in his own proper person, appeared in the trial court and has turned the custody of Tammie West, the minor child of the parties hereto, over to the plaintiff. See, *Burns v. Burns*, 35 Ill. App. 2d 34, 42, 181 N.E.2d 605 (1962)." 125 Ill. App. 2d 251, 253, 261 N.E.2d 31.

One of the purposes of the Uniform Child Custody Jurisdiction Act is to "deter abductions and other unilateral removals of children undertaken to obtain custody awards." (Ill. Rev. Stat. 1979, ch. 40, par. 2102(a)(5).) Entertaining respondent's appeal, which seeks affirmative relief, invites further violation of the salutary policies of the Act, with resulting hardship to children and parents. Respondent's conduct and continuing contumacious attitude since May 12, 1980, is a classic example of the very activity the Act was designed to deter. The best interest of this child is best served by inducing respondent to comply with the court's orders, where upon our review of the record, the trial court clearly had jurisdiction of the subject matter. Without compliance first by respondent, consideration of

this appeal on the merits would invite further hindrance of the orderly procedure of the cause and noncompliance with its orders.

■■ It is hereby ordered that this appeal will be dismissed without further consideration of the issues raised on appeal unless within 30 days after the date of filing this opinion, the respondent files in this court an additional record showing she has, in her own proper person, appeared in the trial court and turned over custody of the minor child to the petitioner.

SEIDENFELD, P. J., and NASH, J., concur.