*In re* MARRIAGE OF NEIL GORDON HAVENS, Petitioner and Counterrespondent-Appellee, and GEORGIA ANN HAVENS, Respondent and Counterpetitioner-Appellant.

Third District   No. 3—90—0383

Opinion filed May 3, 1991.

STOUDER, P.J., dissenting.

Patricia A. Walton, of Lucie & Carper, of Macomb, for appellant.

Walter D. Braud, of Braud/Warner, Ltd., of Rock Island, for appellee.

JUSTICE BARRY delivered the opinion of the court:

The respondent, Georgia Ann Havens, appeals the trial court's order finding her in contempt for failing to return property to the petitioner, Neil Gordon Havens, as ordered. The court sentenced her to 30 days in the Fulton County jail.

The record reveals that the parties were divorced on November 21, 1988. Pursuant to the terms of the divorce judgment, Neil was to make three $5,000 payments to Georgia over a one-year period. Georgia was also to receive specified marital property. Neil was to receive the remainder of the property. Each of the parties subsequently filed petitions for rule to show cause, alleging that the other had failed to abide by the terms of the judgment.

Following a hearing on the petitions, Neil was found guilty of contempt and sentenced to 30 days in jail unless he purged himself by paying Georgia the $5,000 installment due at the time. Georgia was also found in contempt and sentenced to 30 days in jail unless she returned the items of personal property previously awarded to Neil.

Georgia then filed a petition for setoff, alleging that she had returned to Neil the items that were in her possession and requesting a

setoff of the fair market value of the items she could not return against the $5,000 payment owed by Neil. Neil responded with a second petition for rule to show cause, alleging that Georgia had failed to comply with the court's contempt order in that she had not returned all of the items and had not surrendered herself to the county jail. He noted that she had left the State and was residing in Georgia.

Following the hearing on these petitions, the trial judge entered a memorandum of judgment in which the court noted that Georgia had failed to appear because "she did not want to go to jail." The court further noted that although she could have returned some of the items, she simply chose not to in order to spite her ex-husband. The court subsequently found that Georgia remained in contempt unless she paid Neil $11,497, which represented the replacement value of the items she had failed to return, plus $620 in attorney fees ordered by the court to be paid to Neil's counsel and costs. It further ordered that $10,000 owed by Neil would be credited toward that amount.

Georgia asserts on appeal that she had evidence, including an expert witness, to present in support of her positions on the pending petitions, but that because of her failure to appear, the trial court refused to allow her attorney to present any evidence at the combined hearing on her petition for setoff and Neil's petition to show cause. The court's conduct of the hearing, she argues, violated her right to due process.

■ Initially, we note that the record on appeal does not contain a transcript of the hearing upon which Georgia bases her due process issue. As a general rule it is the burden of the appellant to present a complete record (87 Ill. 2d R. 323), and any doubts arising from an incomplete record must be resolved against the appellant. *Teitlebaum v. Reliable Welding Co.* (1982), 106 Ill. App. 3d 651, 435 N.E.2d 852.

■ The only reference provided in Georgia's appellate brief for her assertion that the circuit court restricted her attorney from presenting evidence in support of her positions at that hearing is Georgia's post-judgment motion for reconsideration. This pleading is no substitute for a report of proceedings. We find no support for Georgia's allusion to an expert witness on hand for the hearing. The court's memorandum of judgment simply states that Georgia did not contest Neil's petition "by fail[ing] to appear." The record on appeal contains no mention of an offer of proof or other evidentiary support for the due process argument.

Although neither the court's memorandum nor its signed order of April 2, 1990, makes direct reference to Georgia's petition for setoff, the order effectively granted the relief sought by Georgia to the ex-

tent that the value of the property not returned was $11,497. The court's signed order of April 2 is prefaced by a recitation that the court "heard evidence, testimony and arguments of counsel and [was] fully advised in the premises." The court's recitation in the absence of record support for Georgia's charge that she was denied an opportunity to present evidence leads us to presume that the court did not commit reversible error in its conduct of the hearing. Accordingly, we are constrained to conclude that Georgia's due process argument must fail.

▪ Georgia also argues that the trial court's contempt order failed to provide her with a viable means by which to purge herself. Specifically, she argues that since she had returned those items in her possession, there was nothing else she could do to purge herself.

We find, however, that this was a matter Georgia should have brought before the court personally, rather than leaving the State. We further note that the second contempt order did in fact provide that Georgia could purge herself by paying the replacement value of items she could not return. We note, as indicated by the court, that she was not required to pay for the physical damage to the house. Accordingly, we find that the court's contempt orders were reasonable when entered and left Georgia with a viable means of purging herself of contempt.

The judgment of the circuit court of Fulton County is affirmed.

Affirmed.

GORMAN, J., concurs.

PRESIDING JUSTICE STOUDER, dissenting:
Because I find Georgia Havens' rights to due process were violated in the instant case, I dissent. In cases of indirect civil contempt a defendant is entitled to an evidentiary hearing on the contempt charge. (*In re Estate of Shlensky* (1977), 49 Ill. App. 3d 885, 364 N.E.2d 430.) At the same time, civil contempt proceedings do not require that a defendant be personally present. (*Comet Casualty Co. v. Schneider* (1981), 98 Ill. App. 3d 786, 424 N.E.2d 911.) Georgia appeared by her attorney. There was no question that she had submitted herself to the *in personam* jurisdiction of the court. Her attorney was allowed to cross-examine Neil Havens and yet he was not allowed to present evidence supportive of Georgia's position.

While the trial court would not allow Georgia's attorney to present evidence in support of her petition for setoff, the court even-

tually granted this very relief. The valuation of the property subject to setoff was determined based solely on Neil's testimony. This is not a case of evidence preclusion. Rather it is a case of issue preclusion, since even the appellee admits that Georgia's attorney while present in court was denied the right to have Georgia's allegations considered, even if evidence had been available. Of course, once the court held that Georgia's attorney had no standing to support her claim, no evidence was presented. The trial court's position is aptly demonstrated by its memorandum, letter, order, and final order denying Georgia's motion to reconsider.

I find the appellee's reliance on *In re Marriage of Marks* (1981), 96 Ill. App. 3d 360, 420 N.E.2d 1184, most unpersuasive, in light of the fact that Neil had also been held in contempt in these proceedings. From the record it is easily gleaned that Georgia and Neil have been uncooperative and difficult in these proceedings. However, a trial court's displeasure with a party's actions is not grounds for denial of due process. Even a defendant in a criminal case, who has fled the jurisdiction and is not present in court, is entitled to have his defense presented.