*In re* MARRIAGE OF LAVONDA LEE TIMKE, Petitioner-Appellee, and VERNON TIMKE, Respondent-Appellant.

First District (2nd Division)   No. 1—89—1031

Opinion filed August 13, 1991.—Rehearing denied October 9, 1991.

Arthur M. Berman, of Kirsh, Berman & Hoffenberg, Ltd., of Chicago (Mary Ellen Dienes, of counsel), for appellant.

Anne M. Burke, of Larry S. Kajfes, Ltd., of Chicago, for appellee.

PRESIDING JUSTICE SCARIANO delivered the opinion of the court:

LaVonda Lee Timke (LaVonda) and Vernon Timke (Vernon) were married in 1960. Three children were born to the parties, only one of whom was still a minor at the time this suit for dissolution was filed by LaVonda.

Vernon filed his answer to the petition, but when he failed to comply with LaVonda's proper discovery demands and to appear in court as ordered, he was held in contempt of court, his pleadings were stricken, an order of default was entered against him, and the trial judge further ordered the sheriff "to attach the person of Vernon Timke and bring him before this Honorable Court, and not to release him from custody until he is brought before this Court." At approximately the same time, according to LaVonda's testimony at trial, Vernon departed for the Cayman Islands and told her during a phone conversation "[t]hat no judge would tell him what to do with his money after he had worked for 40 years." On another occasion, she overheard him say that she "would not get his money, and by taking it out of the States, [she] wouldn't be able to find it." The court subsequently issued an order of default and his pleadings were stricken; the trial nevertheless proceeded to a hearing without Vernon's presence, although he was represented there by counsel.

In entering judgment in this cause, the trial judge noted that "[t]he petitioner was stymied in this litigation by the failure of Mr. Timke to comply with any of the orders of the Court, in terms of the production of any of his books and records concerning any of this property;" and made the following award to LaVonda: (1) one 1981 Buick Riviera; (2) the marital domicile, having a market value of $275,000 to $300,000; (3) $250,000, representing a 50% interest in a certain promissory note; (4) $667,500, representing a 50% interest in another parcel of realty; (5) $172,000, representing a 40% interest in yet another parcel of realty; (6) $1,840,000, representing a 40% interest in the proceeds of a sale of a shopping center; (7) $720,000, representing a 40% interest in the proceeds of the sale of a condominium; and (8) $4,500,000, as maintenance in gross. The trial court later issued an order finding Vernon in contempt for his failure to deliver clear title to the marital domicile to LaVonda, as was required in the judgment for dissolution of the marriage. During the pendency of Vernon's appeal, we stayed the circuit court from proceeding any further with respect to its contempt citation against Vernon until further order of this court.

Vernon contends that the trial court abused its discretion in awarding LaVonda what calculates to be over $8,400,000, citing section 503(d) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1987, ch. 40, par. 503(d)), which provides:

> "In a proceeding for dissolution of marriage or declaration of invalidity of marriage, *** the court shall assign each spouse's non-marital property to that spouse. It also shall divide the

marital property without regard to marital misconduct in just proportions considering all relevant factors ***."

Vernon maintains that the trial judge neither divided the marital property fairly, nor considered the relevant factors which are enumerated in the statute.

■■ LaVonda responds "that Vernon remains a fugitive in contempt of court with respect to the instant proceedings by refusing to comply with the court's orders to turn over information respecting his assets, and presently, to surrender to be dealt with for his continuing contempt," and thus, is not entitled to any relief at all. Vernon replies that the record does not support LaVonda's contention "that, since the inception of this appeal, Vernon has refused to comply with a circuit court order to turn over information regarding his assets." However, since "[i]t is well settled that on appeal, all reasonable presumptions are in favor of the action of the trial court, and the burden is on the appellant to show affirmatively the errors assigned on review[ ] [citation]" (*In re Marriage of Smith* (1985), 132 Ill. App. 3d 694, 702), and since Vernon has failed to cite anything in the record indicating that he has appeared before the circuit court in compliance with the contempt order entered in September of 1988 or that he has delivered clear title to the marital domicile, we must reject Vernon's contention that he "has subjected himself to the jurisdiction of the court" and that he "continues to do so," and we must further presume that Vernon still evades the jurisdiction of our courts.

■■ Our supreme court has clearly and unmistakably held that a party who is adjudged to be in contempt of the trial court for failure to abide by its orders, and who has removed himself beyond its process and concealed himself outside the State of Illinois and seeks to attack the final decree of the court which he is defying, is not entitled to appellate relief. (*Garrett v. Garrett* (1930), 341 Ill. 232.) In *Garrett*, a husband was held in contempt for refusing to comply with court orders and decrees requiring payment of alimony, attorney fees, and court costs. The supreme court dismissed the appeal he had filed to review the divorce decree, concluding that "no reason is here disclosed why we should give consideration to one showing his contempt for our courts at the same time that he asks for their affirmative assistance. [Citations.]" (341 Ill. at 234.) Similarly, in the case at bar, we are afforded no reasons as to why we should yield to the entreaties of a contemnor who holds in nothing but scorn the very institutions whose aid he seeks to invoke. See *Pavilon v. Kaferly* (1990), 204 Ill. App. 3d 235, 257-58.

Vernon also asserts that it was error for the trial judge to award $4,500,000 for maintenance in gross when LaVonda received at least 40% of all the known marital property as to which there is any record. Specifically, Vernon alleges that in light of the provisions of section 504(a) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1987, ch. 40, par. 504(a)), because the trial court awarded LaVonda a substantial amount of assets, it was inappropriate to award maintenance in gross for support. Section 504(a) provides that an award of maintenance in gross may be made

> "only if [the court] finds that the spouse seeking maintenance:
>
> (1) lacks sufficient property, including marital property apportioned to him, to provide for his reasonable needs, and
>
> (2) is unable to support himself through appropriate employment or is the custodian of a child whose condition or circumstances make it appropriate that the custodian not be required to seek employment outside the home, or
>
> (3) is otherwise without sufficient income." (Ill. Rev. Stat. 1987, ch. 40, par. 504(a).)

Alternatively, Vernon argues, the circuit court erred in making its division of the parties' marital property without adequate evidence as to its value, the time at which it was valued, or whether the assets were marital property. Vernon contends that LaVonda had access to this information but did not present it at trial. However, as noted above, *Garrett* constitutes incontestable authority for the trial court's making the award it handed down here. (*Garrett*, 341 Ill. at 234.) We also note that Vernon's alternative argument was rejected in *In re Marriage of Smith* (1983), 114 Ill. App. 3d 47, where it was contended that the trial judge lacked sufficient knowledge to valuate the property. We agree with the *Smith* court that "[t]his argument is untenable *** because it is not the trial court's obligation to obtain the value of the [assets, but must valuate them] based upon the evidence presented by the parties. *** Parties should not be allowed to benefit on review from their failure to introduce evidence at trial. [Citations.]" 114 Ill. App. 3d at 54.

Here, Vernon's conduct obviously went intolerably beyond a mere failure to present evidence. The record is incontrovertible that he contumaciously refused to comply with LaVonda's proper discovery demands and the direct order of the trial court to produce books and records concerning any of the property at issue in this cause. As *Garrett* instructs us, one who purposefully places himself beyond the trial court's writ while seeking at the same time to attack the decree

that he defies is not entitled to appellate relief. We know of no authority, and Vernon cites none, that puts our judicial system at the disposition of one who shows it only rank contumacy.

Accordingly, the judgment of the circuit court is affirmed and the stay order previously entered in this appeal is hereby vacated.

Affirmed.

HARTMAN and COCCIA,* JJ., concur.

---

*Judge Coccia fully participated in the decision of this case prior to his resignation from the court.