**Sigrid Abbott, Plaintiff-Cross-Defendant-Appellee, v. Jack Abbott, Defendant-Cross-Plaintiff-Appellant.**

**Gen. No. 11,194.**

Fourth District.

September 17, 1970.

Unger & Stewart, of Danville (John Unger, of counsel), for appellant.

Sebat, Swanson, Banks & Lesson, of Danville (Gill Garman, of counsel), for appellee.

TRAPP, J.

Defendant appeals from an order adjudging him in contempt with a sentence to jail, ". . . for ten days and also remain in jail every day after the ten-day period until the child is returned to the mother."

█ Plaintiff has filed a motion to dismiss the appeal from the sentence for contempt, contending that defendant cannot appeal from such until he has complied with the order directing him to deliver custody to the mother. Defendant has filed a bond approved by the trial court conditioned upon his appearance as required by law. Under Supreme Court Rule 305 such would be expected to operate as a supersedeas, c 110A, § 305, Ill Rev Stats 1969.

█ Plaintiff cites Garrett v. Garrett, 341 Ill 232, 173 NE 107; Wick v. Wick, 19 Ill2d 457, 167 NE2d 207 and Burns v. Burns, 35 Ill App2d 34, 181 NE2d 605. These cases do not sustain plaintiff's motion.

In Garrett, defendant sought a writ of error upon a decree for divorce which also enjoined the disposition of real estate. At such time, the defendant was a fugitive from a sentence for contempt. This was not an appeal from such sentence. Noting that a writ of error was a new suit in which the former defendant became plaintiff, the Supreme Court exercised its discretion to refuse affirmative relief while a party in a position of a

97

plaintiff refused to obey the order of the trial court. In Wick, defendant appealed from an order, the effect of which was to hold him in contempt. The opinion actually holds that the plaintiff wife, who had disobeyed the order of the trial court by removing the children from the state would be denied the affirmative relief of contempt proceedings against defendant. In Burns, defendant appealed from an order changing custody of a child. At such time he had been held in contempt of court. Such case does not concern the sentence for contempt and defendant was described as seeking the aid of the court in other proceedings, i. e., the custody of the child while in contempt of the trial court's order. The motion to dismiss the appeal is denied.

A divorce complaint was filed against defendant on May 8th, 1969. At the same time the plaintiff wife filed a motion for "temporary relief," asking, among other things, that the defendant be ordered to return the custody of a child of 16 months to her. At a hearing on June 3rd, evidence was heard to the effect that plaintiff had left defendant without word or notice, and since then had been living at a hotel of less than the best repute and working at various bars. It appears that at or about the time plaintiff left the defendant, he had placed the child with his sister and that the child remained in such custody throughout the times preceding the several hearings thereafter discussed. The evidence showed that the defendant had not sought out plaintiff to give her any money during the period since she had left him. It was defendant's position at such hearing that it was not proper for the wife to have custody of the child while she was living under such circumstances. The plaintiff had not introduced evidence of her specific needs and the hearing on temporary support was continued for two weeks. As a part of his remarks, the court stated that there was no showing that plaintiff was unfit to have custody, and that defendant was ordered forthwith

to deliver custody to the plaintiff. On June 10th, plaintiff sought a rule against defendant to show cause for failure to deliver custody and an injunction restraining proceedings concerning custody in another division of the court. The record shows no action upon the injunction. At a hearing on June 17th, the plaintiff testified that no one had brought the child to her. Defendant's testimony is referred to hereafter. The court found defendant in contempt and sentenced him as noted.

We find no written order providing for temporary custody. The court's oral statement that the child be delivered forthwith to the mother was made during his discussion of counsel's arguments and of the evidence upon the issue of temporary support. The record does not suggest that the final statement of the court upon the issue of custody forthwith was addressed to defendant as distinguished from a colloquy with counsel. The opinion in People v. Kennedy, 43 Ill App2d 299, 193 NE2d 464, notes that the defendant in certain contempt proceedings was expressly and directly admonished as to the oral order of the court and further advised that a failure would make him subject to contempt.

█ The statement of the trial court in the record upon finding contempt that, ". . . of course the order was clearly understood," is not a matter of judicial knowledge. Dines v. The People, 39 Ill App 565. In that case, a county clerk was found guilty of contempt for destroying certain ballots contrary to an order of the court filed with him as Clerk of the County Court. It was held that the judge's stated knowledge or recollection that the clerk did know the contents of the order could not be made a part of the record, and hence, was a personal rather than a judicial knowledge. It takes but a few moments of a trial judge's time to directly elicit from a party a response indicating that he understands the proceedings or the court's oral orders and incorporate such into the record. People v. Lloyd Bell (Supplemental

99

Opinion), 104 Ill App2d 479, 244 NE2d 321. The record is wanting in this respect.

■ ■ The defendant also argues that there can be no finding of contempt where the party is unable to obey the order of the court. This issue remains obfuscated in this record. It appears that approximately a year prior to these hearings proceedings were instituted in another division of the circuit court concerning the dependency of this child. The court sustained objections to the questions upon the status of these proceedings in such other division. The statute, c 37, § 701–21, Ill Rev Stats 1967, reflects that the State's Attorney is concerned in such dependency proceedings. Upon such record the trial court stated, in summary, that there was no evidence that the defendant could not comply with the order to deliver custody of the child and expressed the view that since defendant had placed the child at the home of the sister, it was up to him to get it back. It is improper to adjudge a party in contempt of court where compliance would require him to violate the law. Halverson v. Halverson, 42 Ill App2d 284, 192 NE2d 258. An order committing for contempt is erroneous where the court heard no evidence upon the issue of whether the inability to comply with the court's order was voluntarily created. Mattioda v. Mattioda, 101 Ill App2d 475, 243 NE2d 495.

■ As to the portion of the sentence imposed for criminal contempt as an affront to the authority of the court, there must be proof beyond reasonable doubt. City of Chicago v. Hart Bldg. Corp., 116 Ill App2d 39, 253 NE 2d 496 and People ex rel. Chicago Bar Ass'n v. Barasch, 21 Ill2d 407, 173 NE2d 417.

■ The final decree subsequently entered in this cause awarded a divorce to this defendant as counterplaintiff, recognized pending judicial proceedings concerning the minor child and continued the temporary custody and placement of the child as provided in such proceedings. The portion of the order providing for jail

sentence until the custody of the child was delivered to the mother is, therefore, moot. In this state of the record, no useful purpose is served by remanding for further proceedings upon the issue of criminal contempt.

We do not reach the alleged error argued upon the denial of a change of judge, and the denial of a jury trial upon the contempt aspect of the divorce proceedings.

The order of the trial court is reversed.

Reversed.

SMITH, P. J. and RICHARDS, J., concur.