No. 2--02--0807

_________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_________________________________________________________________

In re
 MARRIAGE OF ) Appeal from the Circuit Court

JOHN M. KNEITZ,   ) of McHenry County.

)

Petitioner-Appellee,       )

            )

and ) No. 01--DV--101

                )

KIMBERLY F. KNEITZ,                    ) Honorable      

                                )  Joseph P. Condon,

Respondent-Appellant.      )  Judge, Presiding.

_________________________________________________________________ 

JUSTICE BYRNE delivered the opinion of the court:

The circuit court found respondent, Kimberly F. Kneitz, in indirect civil contempt of court for failing to make her children available for visitation with petitioner, John M. Kneitz.  Respondent appeals, contending that she did not wilfully violate the court's order because another order issued by a Louisiana court forbade her from allowing the visitation.  We affirm.

The parties were married in Louisiana in 1992 and had two children together.  In January 2001, the family was living in Illinois, where petitioner was stationed at Great Lakes Naval Training Base.  On about January 15, 2001, respondent and the children moved to Louisiana.  On January 31, 2001, petitioner filed his petition to dissolve the parties' marriage.

Respondent filed a general appearance.  Although the record of this portion of the proceedings is incomplete, it appears that the trial court awarded respondent custody of the children, allowed her to remove them to Louisiana, and gave petitioner visitation.

Respondent subsequently petitioned the trial court to suspend or restrict petitioner's visitation, alleging that he had sexually abused one of the children.  Following a hearing, the trial court denied the petition.  On November 20, 2001, the court ordered that petitioner have visitation with the children in Louisiana from December 6-8, 2001.

On December 5, 2001, respondent filed a petition in the district court of Jefferson Parish, Louisiana, to modify the custody and visitation orders.  The verified petition referred to the hearing conducted in McHenry County.  The petition alleged that the Illinois court "ruled that [a] DCFS report was inadmissible under Illinois' hearsay laws.  This determination precluded the introduction of key information and findings necessary to support the allegations of sexual abuse."  According to the petition, the court excluded hearsay statements one of the children made.  The petition further alleged that, as a result of those rulings, "and without requiring further investigation or counseling," the court denied the request to suspend visitation.

That day, the Louisiana court issued an 
ex parte
 order "suspending the execution of any visitation orders" granting petitioner visitation, specifically including the November 20, 2001, order.  The Louisiana court ordered petitioner to show cause on December 13, 2001, why his visitation should not be "suspended and/or supervised."

Petitioner was personally served with notice of the Louisiana proceeding but did not appear.  Instead, he filed in Illinois a petition for a rule to show cause why respondent should not be found in contempt of court for failing to abide by the November 20 visitation order.  On December 12, 2001, the Illinois court enjoined respondent from filing or continuing any proceedings in Louisiana relating to the parties' children, other than "a proceeding which solely concerns the issue of jurisdiction of the parties' said minor children under the Uniform Child Custody Jurisdiction Law." 

At a hearing, respondent testified that the December 5, 2001, order was entered following a recommendation of a counselor at the Metropolitan Battered Women's Shelter in New Orleans.  Earlier, respondent had learned from the Illinois Department of Children and Family Services (DCFS) of an "indicated" report of sexual abuse by petitioner.  She believed that DCFS would find her "in neglect of [her] children" if she allowed petitioner to have visitation.

On cross-examination, respondent testified that she attended the November 20 hearing in McHenry County.  She acknowledged that several witnesses testified, including Lorena Guidry of the Metropolitan Battered Women's Program of New Orleans; Catherine Loisel of the Great Lakes Family Support Center; Gary Keyser, a Louisiana assistant Attorney General; and Kaylyn Marie Dueker of the Navy Criminal Investigative Service.  Jim Schaefgas of DCFS also testified.

Respondent denied that the Louisiana petition was the "same petition" she had filed in Illinois.  She testified that after she returned to Louisiana, she received "a couple additional pieces of information" that "confirmed some of the [earlier] allegations."  These included an opinion from one counselor that visitation would not be good for her son's emotional state.  Respondent was unable to identify any other new information in the petition she filed in Louisiana.

The trial court found that respondent wilfully violated the November 20 visitation order.  Addressing respondent's contention that she was subject to conflicting orders, the court stated that "the situation that you find you're in is entirely something you initiated."  The court deemed the Louisiana order an "excuse" not to comply with the earlier order, likening respondent's situation to a parent who quits his job and then argues that he is unable to pay child support.  The court sentenced respondent to 180 days in jail, but provided that she could purge the contempt by making the children available in Illinois for three consecutive days of visitation.  Respondent timely appealed.  This court stayed the respondent's sentence pending appeal.

On appeal, respondent contends that the trial court's finding that she wilfully violated the November 20 visitation order is against the manifest weight of the evidence.  She argues that she reasonably believed that the Louisiana order prevented her from making the children available for visitation.  Alternatively, she contends that the purge provision is not an effective one because complying with it would subject her to a contempt finding in Louisiana.

Whether a party has committed indirect civil contempt is a question of fact for the trial court, and its decision will not be overturned on appeal unless it is against the manifest weight of the evidence.  
In re Marriage of Scott
, 286 Ill. App. 3d 1056, 1059 (1996).  When the facts are not in dispute, their legal effect may be a question of law, but if divergent inferences could be drawn from the undisputed facts, a question of fact remains and the manifest weight of the evidence standard applies.  
Busey Bank v. Salyards
, 304 Ill. App. 3d 214, 217 (1999).

Here, the record supports the trial court's finding that respondent wilfully did not comply with the November 20, 2001, visitation order.  Respondent does not contend that she was unaware of the order or did not understand what it required.  The only question, then, is whether the Louisiana order excused respondent's noncompliance.  The record supports the trial court's finding that respondent intentionally procured the Louisiana order as an "excuse" not to follow the order with which she disagreed.

Although respondent was apparently unhappy with the order requiring visitation, she did not challenge the Illinois order by seeking a stay, asking the trial court to reconsider, or pursuing an appeal.  Instead, the day before the visitation was to occur, she filed a petition in Louisiana and procured an 
ex parte
 order prohibiting the visitation.  She did not advise petitioner of the proceeding until after that order was issued.  Although respondent would not concede that the Louisiana petition was "the same petition" she filed in Illinois, she was vague and evasive when asked what was different about it.  Respondent acknowledged that petitioner had no contact with the children between November 21 and December 5.  At most, the petition contained some additional opinions from one of the children's counselors that "confirmed" some of respondent's earlier allegations.

Rather than challenge the McHenry County court's order by one of the procedures that Illinois provides for that purpose, respondent waited until the eleventh hour to procure an order in a distant (for petitioner) forum without prior notice to petitioner, thus virtually assuring that the visitation would not take place on the scheduled dates.  This conduct evinces an intentional violation of the Illinois court's order.

Respondent contends, however, that she could not comply with the McHenry County court's order because doing so would subject her to being held in contempt of court for violating the Louisiana court's order forbidding visitation.  It is true that the inability to comply with a court order precludes a finding of contempt.  
County of Cook v. Lloyd A. Fry Roofing Co.
, 59 Ill. 2d 131, 137 (1974).  Accordingly, there can be no contempt finding where compliance with an order would require a party to violate the law.  
Abbott v. Abbott
, 129 Ill. App. 2d 96, 100 (1970); 12 Ill. L. & Prac. 
Contempt
 §34, at 53 (1983).  However, the contemnor may not assert her inability to comply where she has voluntarily created the incapacity.  
Lloyd A. Fry
, 59 Ill. 2d at 137.  The burden is on the alleged contemnor to show that her noncompliance was not contumacious and that she had a valid excuse for not complying.  
In re Marriage of Tatham
, 293 Ill. App. 3d 471, 480 (1997).  

Here, it is clear that respondent was responsible for creating the condition--the Louisiana order--that she now claims makes her compliance with the Illinois order impossible.  Respondent appears to contend that the Louisiana court validly took jurisdiction of the matter from Illinois and, therefore, properly modified the Illinois custody decree.  We disagree.

The Uniform Child Custody Jurisdiction Act (the Jurisdiction Act) has been adopted in both Illinois and Louisiana.  See 750 ILCS 35/1 
et seq.
 (West 2000); La. Rev. Stat. Ann. §13:1700 
et seq.
 (West 1999).  The Jurisdiction Act seeks to avoid jurisdictional competitions and conflicts between states, to protect children's best interests, and to discourage forum shopping.  
In re Marriage of Rizza
, 237 Ill. App. 3d 83, 87 (1992).  Louisiana courts have also recognized the Jurisdiction Act's purpose to discourage forum shopping.  
Lopez v. Lopez
, 661 So. 2d 665, 668 (La. App. 1995); 
Ingram v. Ingram
, 463 So. 2d 932, 935 (La. App. 1985).  Accordingly, the Jurisdiction Act achieves certainty by providing that the first state to exercise jurisdiction has the exclusive right to proceed.  
In re Marriage of Schoeffel
, 268 Ill. App. 3d 839, 843 (1994); see also 
In re Marriage of Ludwinski
, 329 Ill. App. 3d 1149, 1154 (2002).  Section 4(b), which the Illinois legislature added to the text of the Jurisdiction Act, specifically provides as follows:

"A court, once having obtained jurisdiction over a child, shall retain such jurisdiction unless it concedes jurisdiction to a foreign state or none of the parties to the action, including the child, remain in Illinois."  750 ILCS 35/4(b) (West 2000).

Moreover, section 7(a) of the Jurisdiction Act provides as follows:

"A court of this State shall not exercise its jurisdiction under this Act if at the time of filing the petition a proceeding concerning the custody of the child was pending in a court of another state exercising jurisdiction substantially in conformity with this Act, unless the proceeding is stayed by the court of the other state because this State is a more appropriate forum or for other reasons."  750 ILCS 35/7(a) (West 2000).

Finally, the federal Parental Kidnaping Prevention Act (PKPA) provides that state authorities "shall enforce according to its terms, and shall not modify" any child custody determination made by another state court, as long as the original decision was consistent with the PKPA.  28 U.S.C. §1738A(a) (1994).  A decision is "consistent with" the PKPA if the state court had jurisdiction under its provisions, which are similar to the jurisdictional prerequisites of the Jurisdiction Act.  See 28 U.S.C. §1738A(c) (1994).  A state court may modify the custody decision of another state court only if the second state court has jurisdiction and the first state court no longer has jurisdiction.  28 U.S.C. §1738A(f) (1994).

Under these statutes, Illinois, which rendered the initial custody decision, continued to have exclusive jurisdiction.  Because the parties lived here within six months of the filing of the petition for dissolution, the Illinois court originally had jurisdiction.  Because petitioner still resides here, Illinois continues to have a jurisdictional basis.  See 750 ILCS 35/4(b) (West 2000).  Moreover, as explained more fully below, the Illinois court has not declined jurisdiction.  Therefore, the Illinois court continues to have exclusive jurisdiction of matters involving the custody of the parties' children until such time as that court concedes jurisdiction to another forum or petitioner no longer resides here.

This case is similar in many respects to 
Tatham
.  There, an Illinois court dissolved the parties' marriage in 1987.  Although the wife moved to Kentucky with the parties' only child in 1991, the Illinois court continued to have jurisdiction.  In fact, as late as 1994, the wife asked the Illinois court to find the husband in contempt for failing to pay child support.  The appellate court held that the trial court properly found the wife in contempt for failing to make the child available for visitation at Christmas.  In so holding, the court held that a simultaneous Kentucky proceeding did not divest the Illinois court of jurisdiction.  
Tatham
, 293 Ill. App. 3d at 479.  Here, too, the Illinois court was not deprived of jurisdiction by the contrary order in Louisiana.

Respondent also contends that the Illinois court conceded jurisdiction to Louisiana pursuant to section 8 of the Jurisdiction Act (750 ILCS 35/8 (West 2000)) and that Louisiana is a more appropriate forum for these proceedings because the children reside there.  Section 8 provides that a court which has jurisdiction may decline to exercise it if it finds that it is an inconvenient forum and that the court of another state is a more appropriate forum.  750 ILCS 35/8(a) (West 2000).  A trial court can exercise discretion in deciding whether to decline jurisdiction under section 8.  
Tatham
, 293 Ill. App. 3d at 479.

We are perplexed by the suggestion that the Illinois court declined jurisdiction.  At one point, the Illinois court enjoined respondent from proceeding in another jurisdiction--except a proceeding to decide whether another state would exercise jurisdiction--and it held her in contempt for violating its earlier order.  We fail to see how this suggests that the Illinois court no longer intended to exercise its jurisdiction in this matter.  The only things respondent can point to that even arguably suggest that the Illinois court declined jurisdiction are the order permitting respondent to remove the children to Louisiana and the exception to the injunction allowing for a jurisdictional determination elsewhere.  Allowing respondent to take the children to Louisiana did not deprive the Illinois court of jurisdiction and, in any event, occurred long before respondent filed her petition in Illinois to suspend visitation that resulted in the order she is accused of violating.  The exception to the injunction, whatever it may have meant, was not an explicit cession of jurisdiction to Louisiana.  Moreover, the Louisiana court did far more than decide that it had jurisdiction; it proceeded to "overrule" the Illinois court's decision on the merits.

Respondent's argument that Louisiana is now a more appropriate forum is simply irrelevant at this point in the proceedings.  The question whether a court has jurisdiction in the first place is different from whether a different forum is more appropriate.  
McGuane v. McGuane
, 268 Ill. App. 3d 751, 756 (1995).  Once an action is filed, jurisdiction attaches in that forum and it makes no difference where the children are taken.  
Schoeffel
, 268 Ill. App. 3d at 843.  If respondent truly believes that Louisiana is a more appropriate forum to decide any future issues concerning her children's custody, she is free to ask the McHenry County court to decline jurisdiction.  At this point, she has not done so.  See 
In re Marriage of Thompson
, 96 Ill. 2d 67, 78 (1983) (Illinois court properly refused to defer to Michigan court when wife did not ask Illinois court to defer until after proceedings in Illinois were underway).

The trial court properly found respondent in contempt of court for not complying with its November 20, 2001, order.  The only barrier to respondent's compliance was a self-imposed one.  None of respondent's arguments about the respective courts' jurisdiction alters this conclusion.

There remains respondent's contention that the purge provision is inappropriate.  A party held in civil contempt of court must be given the " 'keys to [her] cell.' "  
In re Marriage of Logston
, 103 Ill. 2d 266, 289 (1984).  In other words, the contempt order should give the contemnor the ability to purge the contempt at any time.  
In re Marriage of Morse
, 240 Ill. App. 3d 296, 302 (1993).  Respondent argues that the purge provision here is illusory.  She contends that purging herself in Illinois by making the children available for visitation would subject her to a contempt finding in Louisiana where a court order prohibits visitation.

This argument is largely a restatement of respondent's earlier argument that compliance with the visitation order is impossible.  As the above discussion suggests, respondent's concern about being held in contempt in Louisiana is unfounded because that court's order is clearly void for lack of subject matter jurisdiction.

Here, the petition respondent filed in Louisiana, however misleading, clearly informed the Louisiana court that custody proceedings had been held in Illinois.  The Louisiana judge stated on the record that he had spoken by telephone with Judge Condon and that he was aware that Judge Condon had enjoined respondent from proceeding in Louisiana.  The Louisiana court nevertheless issued an order prohibiting petitioner from visiting with his children.  The Louisiana court's only apparent reason for doing so was that it disagreed with the Illinois court's findings about what was in the children's best interests.

An order entered by a court without subject matter jurisdiction is void.  
In re Estate of Steinfeld
, 158 Ill. 2d 1, 12 (1994); 
Lopez v. Lopez
, 661 So. 2d 665, 668 (La. App. 1995).  A party cannot be held in contempt for violating a void order.  
In re Marriage of Santa Cruz
, 179 Ill. App. 3d 611, 620 (1989).  We note that, in an effort to minimize the risks to the parties, the Illinois court ordered that the visitation should occur in Illinois, rather than in Louisiana as originally ordered.

In summary, the trial court properly found respondent in indirect civil contempt of court and the purge provision is appropriate.  We are aware that this case involves the emotional well-being of two children.  Although respondent never directly challenged the November 20 order, she continues to insinuate that the children will be endangered if they have visitation with their father.  However, the trial court held a full hearing on respondent's petition at which at least six witnesses testified.  After the hearing, the court concluded that it would be in the children's best interests to have visitation with their father.  See 750 ILCS 5/610 (West 2000).  In the absence of a record of those proceedings, we must presume that the court's order conformed with the law and had a sufficient factual basis.  See 
In re Marriage of Steinberg
, 302 Ill. App. 3d 845, 851-52 (1998).  Respondent disagrees with the trial court's finding, but does not specifically suggest that it was erroneous.  If respondent discovers information that further contact with petitioner will seriously endanger the children, she of course may petition the court to modify its orders.  What she may not do is unilaterally select another forum where she deems she will have a better chance of success.

The judgment of the circuit court of McHenry County is affirmed.

Affirmed.

GROMETER and GILLERAN JOHNSON, JJ., concur.