No. 2--06--0988     Filed:  5-16-07

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| In re JOSEPH V.D., a Minor | ) | Appeal from the Circuit Court |
| | ) | of Kane County. |
| | ) | |
| | ) | No. 05--F--389 |
| | ) | |
| | ) | Honorable |
| (Carisa E., Petitioner-Appellee, v. | ) | William P. Brady, |
| Jacob V.D., Respondent-Appellant). | ) | Judge, Presiding. |

JUSTICE O'MALLEY delivered the opinion of the court:

Respondent Jacob V.D. appeals the circuit court's order requiring him to pay temporary child support, as well as all other orders related to child custody, entered pursuant to petitioner Carisa E.'s petition for temporary custody of the parties' minor child, Joseph V.D.  He also appeals the trial court's order holding him in indirect civil contempt for failure to pay child support as ordered.  On appeal, respondent argues that the trial court lacked jurisdiction over the petition for temporary custody and thus that the trial court's judgment should be vacated.  He likewise argues that the trial court lacked jurisdiction over child support issues and thus we should vacate its judgments directing him to pay child support and finding him in contempt for failing to pay child support.  For the reasons that follow, we vacate and remand.

On July 1, 2005, petitioner filed in Kane County, Illinois, a petition for temporary custody. After the trial court denied respondent's motion to quash service of process, respondent filed a motion to dismiss the petition for lack of subject matter jurisdiction on the basis that, under the Uniform

Child-Custody Jurisdiction and Enforcement Act (Act) (750 ILCS 36/101 et seq. (West 2004)), jurisdiction over the matter belonged in Nevada and not in Illinois, because custody proceedings in the matter had been pending in Nevada since 1999. On November 22, 2005, the trial court entered an order denying the motion to dismiss. The order stated as follows, in pertinent part:

"This matter coming before the Court on hearing on pending motions, both parties appearing through counsel and the Court being fully advised, THE COURT HEREBY FINDS:

(1) That the State of Illinois, County of Kane is the more convenient forum to make a child-custody determination for the reasons stated in open court, wherefore,

IT IS HEREBY ORDERED:

(1) That this court shall assume custody jurisdiction of the minor child ***."

No reports of proceedings or substitutes appear in the record.

On January 24, 2006, the trial court entered an order requiring respondent to pay petitioner $100 per week as temporary child support. On March 7, 2006, petitioner filed a rule to show cause against respondent for his failure to pay the $100 per week pursuant to the court's January 24 order, and, after a hearing, the trial court found respondent in indirect civil contempt for his failure to pay child support.

Though it is not apparent who filed it, a document appearing in the record purports to be an order from a Nevada state court. The order states, in pertinent part:

"On December 1, 2005, the State of Nevada entered a child support order in the above-entitled matter which is entitled to Full Faith and Credit. On January 24, 2006, the [Kane County circuit court here] disregarded Nevada's order and entered a child support order ***

purporting to order [respondent] to pay [petitioner] the sum of $100.00 per week. Illinois' order is void in that: 1) Nevada's 12-1-05 order is entitled to full faith and credit; and 2) Illinois lacks personal jurisdiction over [respondent] ***. The State of Nevada has continuing exclusive jurisdiction over all child support issues."

The record contains no indication of any conference between the trial court and the Nevada court regarding this case. After a trial, the trial court granted joint custody of Joseph to the parties. Respondent timely appeals.

Respondent's primary argument on appeal is that all of the trial court's orders are void because, pursuant to the Act, subject matter jurisdiction of this cause lies in Nevada, and not in Illinois. The Act, which became effective January 1, 2004, was promulgated to end custody jurisdictional disputes between states, to promote cooperation between states in determining custody issues, and to enhance the ability of states to enforce custody orders expeditiously. C. Gamrath, UCCJEA: A New Approach to Custody Jurisdiction and Interstate Custody and Visitation, 92 Ill. B. J. 204 (2004). As relevant to respondent's argument, the Act provides:

"[A] court of this State may not exercise its jurisdiction under this Article if, at the time of the commencement of the proceeding, a proceeding concerning the custody of the child has been commenced in a court of another state having jurisdiction substantially in conformity with this Act ***." 750 ILCS 36/206(a) (West 2004).

Respondent urges that, under this section of the Act, because he had commenced a custody proceeding in Nevada prior to the date petitioner filed her petition in Illinois, the trial court lacked jurisdiction over this cause. However, as petitioner points out, the trial court's January 24 order refers to the court's statements in open court as explanation for the ruling, and the record contains

no report of proceedings for such a hearing. Normally, because "an appellant has the burden to present a sufficiently complete record of the proceedings [before the trial court] to support a claim of error," and "[a]ny doubts which may arise from the incompleteness of the record will be resolved against the appellant" (Foutch v. O'Bryant, 99 Ill. 2d 389, 391-92 (1984)), we would presume in the absence of a full record of proceedings below that the trial court had a valid legal reason to exercise jurisdiction under the Act and that its judgment should be affirmed.

However, here, even the incomplete record of proceedings below demonstrates reversible error. Section 206(b) of the Act provides that, "[i]f the court determines that a child-custody proceeding has been commenced in a court in another state having jurisdiction substantially in accordance with this Act, the court of this State shall stay its proceeding and communicate with the court of the other state." 750 ILCS 36/206(b) (West 2004). Because the parties do not dispute, and the record establishes, that there was a custody action pending in Nevada at the time petitioner filed the petition for temporary custody at issue here, the trial court was required to communicate with the Nevada court to determine each court's jurisdiction. Indeed, at oral argument to this court, both parties stipulated that the trial judge made such a communication.

Section 110 of the Act, which governs the communication required under section 206(b), states as follows, in pertinent part:

"(d) Except [for communication on schedules, calendars, court records, and similar matters], a record must be made of a communication under this Section. The parties must be informed promptly of the communication and granted access to the record.

(e) For the purposes of this section, 'record' means information that is inscribed on a tangible medium or that is stored in an electronic or other medium and is retrievable in perceivable form."  750 ILCS 36/110(d), (e) (West 2004).

Here, we see no record of the communication between the trial court and the Nevada court, either in the form of a transcript of an open-court description of the communication or in the form of some separate document or other medium retrievable in perceivable form.  Accordingly, even without a complete record of proceedings below, we may ascertain that the trial court failed to comply with its statutory duty to provide a record of any communication under the Act, and we must vacate its judgment on the petition for custody and remand the cause for proceedings consistent with the Act.

Respondent also argues that the trial court lacked jurisdiction to enter the support order. Though respondent argues that the trial court lacked both personal jurisdiction over him and subject matter jurisdiction over the action, petitioner responded in her appellate brief only to the argument regarding personal jurisdiction.  We granted respondent's petition for rehearing, which urged that we consider his arguments relating to the support order, but petitioner declined to file a response. Accordingly, petitioner has waived opposition to respondent's subject matter jurisdiction argument, and we also vacate that portion of the trial court's order and remand for further proceedings.  See 210 Ill. 2d  R. 341(h)(7) ("Points not argued are waived"); 210 Ill. 2d R. 341(i) (Rule 341(h)(7) applies to appellees' briefs).  Nothing in this opinion should be read as indicating that the trial court is precluded from finding on remand, after compliance with the Act, that it has obtained subject matter jurisdiction over this cause.

On remand, we encourage the parties to make a complete record of the trial court proceedings, by report of proceedings or by substitute, so that, in the event of a subsequent appeal

on this jurisdictional issue or any other issues, this court may be fully informed of the basis of the trial court's rulings, as is required for meaningful appellate review.

For the foregoing reasons, we vacate the judgment of the trial court and remand the cause for further proceedings.

Vacated and remanded.

GROMETER, P.J., and HUTCHINSON, J., concur.