# Illinois Official Reports

## Appellate Court

***Crouch v. Smick*, 2014 IL App (5th) 140382**

| | |
|---|---|
| Appellate Court Caption | LESLIE N. CROUCH, f/k/a Leslie N. Smick, Petitioner-Appellee, v. GABRIEL B. SMICK, Respondent-Appellant. |
| District & No. | Fifth District<br>Docket No. 5-14-0382 |
| Filed | December 23, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In proceedings under the Uniform Child-Custody Jurisdiction and Enforcement Act arising from a situation in which the mother of two children and her new husband moved to California following the dissolution of her marriage to respondent, the children's father, in Illinois after he suffered a series of strokes that left him in a wheelchair and unable to communicate and she then filed a petition in California to declare the children free from the custody and control of their father, her new husband filed a petition to adopt the children and respondent filed a motion in Illinois to clarify and retain jurisdiction, the case was transferred to Illinois when the Illinois judge, in consultation with the California judge, issued an order declaring that Illinois would retain jurisdiction of the parties and subject matter and that the mother's petition would be decided according to California law, but the appellate court reversed and remanded the cause to allow the mother to file a petition to terminate respondent's parental rights under Illinois law and order a new hearing under Illinois law, since Illinois was the home state under the UCCJEA. |
| Decision Under Review | Appeal from the Circuit Court of Madison County, No. 09-D-544; the Hon. Keith Jensen and the Hon. Dean E. Sweet, Judges, presiding. |

Judgment            Reversed and remanded.


Counsel on          Tim Kalinowski, of Glen Carbon, for appellant.
Appeal

                    Frederick M. Steiger, of Steiger Law Offices, of Edwardsville, and
                    Sara R. Neumann, of San Diego, California, for appellee.


Panel               JUSTICE STEWART delivered the judgment of the court, with
                    opinion.
                    Justices Goldenhersh and Schwarm concurred in the judgment and
                    opinion.

**OPINION**


¶ 1    Leslie Crouch and Daniel Crouch, her husband, filed a petition in the superior court of the State of California to declare Leslie's minor children free from the custody and control of their father, Gabriel Smick. Daniel filed a companion petition for adoption of the children. Gabriel filed a statement in opposition to the petition. He then filed a motion in Illinois to clarify and retain jurisdiction. Following consideration of arguments, briefs, and consultation between the presiding judge in Madison County, Illinois, and the presiding judge in San Diego County, California, the court in Illinois issued an order declaring that Illinois would retain jurisdiction over the parties and subject matter and that the petition to free the minor children from the custody and control of Gabriel would be decided in accordance with California law. The same day, the court in California entered an order deferring to the Illinois court to hear Leslie's petition to declare the minors free from Gabriel's custody and control and transferring the California case to Illinois.

¶ 2    After a hearing, the trial court granted the petition to free the minor children from Gabriel's custody and control. Gabriel filed a motion to reconsider. Leslie and Daniel filed a response to the motion to reconsider. The motion to reconsider was denied. Gabriel filed a timely notice of appeal.

¶ 3    Gabriel raises numerous issues regarding the termination of his parental rights. First, he asserts that the trial court erred in applying California law. We find this issue to be dispositive. The issue of which state's law applies in child custody proceedings under the Uniform Child-Custody Jurisdiction and Enforcement Act (UCCJEA) (750 ILCS 36/101 *et seq.* (West 2012)), once Illinois is determined to have jurisdiction as the home state, appears to be a question of first impression. We hold that once Illinois is determined to be the home state

under the UCCJEA, Illinois law applies. Since the trial court erred in applying California law in these proceedings, the judgment must be reversed and this cause remanded for further proceedings applying Illinois law.

¶ 4                                    BACKGROUND

¶ 5       Leslie and Gabriel were married on June 4, 2005. Two children were born of the marriage: Xander Y. Smick, born August 30, 2006, and Wilhemina Smick, born July 9, 2008. In April 2009, Gabriel suffered a series of strokes that left him wheelchair-bound and unable to communicate.

¶ 6       On June 1, 2009, Leslie filed a petition for dissolution of marriage in the circuit court of Madison County, Illinois. Gabriel filed a counterpetition for dissolution of marriage. On July 8, 2010, the circuit court of Madison County entered a judgment of dissolution of marriage. Leslie was awarded legal, physical, and residential custody of the minor children. Gabriel was granted rights of visitation.

¶ 7       On December 22, 2010, Leslie filed a motion to divest jurisdiction pursuant to the UCCJEA. She alleged that she and the children relocated to Missouri to be closer to her job, that due to Gabriel's disability he was not actively involved in the children's lives, that substantially all of the evidence concerning the children's care, protection, training, and personal relationships was in Missouri, and that she and the children no longer had any significant connection with the State of Illinois. Gabriel filed an objection to the motion to divest jurisdiction. On April 13, 2011, the court denied the motion.

¶ 8       On August 1, 2011, the court entered a consent order granting Leslie the right to remove the children to California and modifying the visitation order. In November 2011, Leslie married Daniel Crouch.

¶ 9       On February 27, 2013, Leslie and Daniel filed a petition in San Diego County, California, to free the children from Gabriel's custody and control. Under California law, this petition was the equivalent of a petition to terminate Gabriel's parental rights. Daniel filed a companion petition for adoption. On April 15, 2013, Gabriel filed a motion in Madison County to clarify and retain jurisdiction in Illinois. Pursuant to the UCCJEA, the trial court in Illinois contacted the court in California and arranged communication between the two courts and the parties. On June 28, 2013, there was a conference call between the San Diego superior court and the trial court in Illinois. The parties' attorneys were each present, along with the attorney for the children appointed in San Diego and a San Diego court-appointed social worker. Everyone except the social worker provided input. The parties were ordered to file briefs.

¶ 10      On September 20, 2013, the Illinois trial court entered an order finding that the court had exclusive jurisdiction over the parties and subject matter concerning the custody of the children. It found that it had no jurisdiction to hear the petition for stepparent adoption filed by Daniel in California. The court found that the issues raised in the petition to free the minor children from Gabriel's custody and control are similar to the issues required in phase one of a contested adoption. The court determined that the petition to free the minor children from Gabriel's custody and control would be decided in accordance with the laws of California. The court requested that the superior court of California consent or transfer the pending petition to free the minor children from Gabriel's custody and control to the Illinois court.

- 3 -

¶ 11      The court in California also entered an order on September 20, 2013. The court held that Illinois remained the home state because Gabriel still resided there. The court found that "not only is Illinois the lawful forum, it is the better forum." The court found that Leslie's petition to free the children from Gabriel's custody and control principally alleged abandonment, disability due to drug addiction, developmental disability or mental illness, and permanent mental disability, and that "[m]ost (if not all) the evidence on these issues is in Illinois." Finally the court found: "Because Illinois remains the home state, Leslie's petition to terminate Gabriel's parental rights must be heard in the Madison County Circuit Court, unless it cedes jurisdiction to California, which it has not. Judge Sweet has determined he will hear the matter, and has further determined he will apply California law in reaching his decision."

¶ 12      During the pendency of the matter Judge Sweet retired, and the case was reassigned to another judge. The case was tried on May 5 and 6, 2014. During the trial, the court applied California substantive law.

¶ 13      On June 2, 2014, the Illinois court entered an order declaring the children free from the custody and control of Gabriel. The court found that Gabriel was in a medical state that made communication extremely difficult if not impossible. It found that Gabriel could not "converse, care for, offer advice, or physically connect with the minor children." It further found that the testimony of Gabriel's witnesses was not credible and seemed to be "wishful thinking on some accounts." The court found that without his support group, Gabriel would not be able to continue visits with the children. It found that Gabriel was unable to provide financial support for the children except for the social security disability derivative payments they received. The court held that Leslie and Daniel proved by clear and convincing evidence that under California Family Code section 7826 (Cal. Fam. Code § 7826 (West 2012)), Gabriel had been determined to be developmentally and physically disabled, or mentally impaired, and was not capable of supporting or controlling the minor children in a proper manner. It further found that Leslie and Daniel proved by clear and convincing evidence that under the statutory requirement of California Family Code section 7827 (Cal. Fam. Code § 7827 (West 2012)), Gabriel was mentally disabled in that he suffered a mental incapacity or disorder that rendered him unable to care for and control the minor children adequately. The court found that termination of Gabriel's rights was in the children's best interests and that adoption would provide stability in their lives. The court found that Daniel had provided support, love, care, and attention, and was a parent for the children on a regular basis, and through his efforts had provided stability for the children.

¶ 14      On June 9, 2014, Gabriel filed a motion to reconsider. On July 3, 2014, Leslie filed a response to the motion to reconsider. On July 7, 2014, the motion to reconsider was denied. Gabriel filed a timely notice of appeal.

¶ 15                                                    ANALYSIS

¶ 16      Gabriel argues that the trial court erred in applying California substantive law after it determined that Illinois retained jurisdiction. Section 202 of the UCCJEA (750 ILCS 36/202 (West 2012)) governs continuing jurisdiction in child custody cases. It provides that the court of the state which has made a child custody determination "has exclusive, continuing jurisdiction over the determination until: (1) a court of this State determines that neither the child, the child's parents, and any person acting as a parent do not have a significant connection with this State and that substantial evidence is no longer available in this State

concerning the child's care, protection, training, and personal relationships; or (2) a court of this State or a court of another state determines that the child, the child's parents, and any person acting as a parent do not presently reside in this State." 750 ILCS 36/202(a) (West 2012). Professor Robert G. Spector, the reporter for the committee which drafted the UCCJEA, explained: "So long as one parent, or person acting as a parent, remains in the state that made the original custody determination, only that state can determine when the relationship between the child and the left-behind parent has deteriorated sufficiently so that jurisdiction is lost." Robert G. Spector, *Uniform Child-Custody Jurisdiction and Enforcement Act (With Prefatory Note and Comments)*, 32 Fam. L.Q. 301, 340 n.81 (1998). California also recognizes this and California courts have interpreted this section of the UCCJEA to mean that if the remaining parent continues to assert and exercise his visitation rights, then the parent-child relationship has not deteriorated sufficiently to terminate jurisdiction. *Grahm v. Superior Court*, 34 Cal. Rptr. 3d 270, 274 (Cal. Ct. App. 2005). Gabriel resides in Illinois; therefore, neither of the exceptions to section 202(a) applies and the Illinois court properly retained jurisdiction.

¶ 17    Illinois courts have not specifically addressed whether Illinois law should be applied in cases where Illinois has jurisdiction of a child custody matter under the UCCJEA. Issues of statutory interpretation are questions of law and are subject to *de novo* review. *People v. Hughes*, 2011 IL App (4th) 100687, ¶ 7, 962 N.E.2d 969. An examination of the purpose of the UCCJEA guides our analysis of this issue.

¶ 18    To understand the purpose of the UCCJEA, it is important to understand its history. Prior to the enactment of laws attempting to create uniformity in child custody matters, losing a custody battle was not the end of the fight for some parents. Kevin Wessel, *Home Is Where the Court Is: Determining Residence for Child Custody Matters Under the UCCJEA*, 79 U. Chi. L. Rev. 1141, 1144 (2012). The losing party would sometimes take his or her child to another state and ask a new court to relitigate the custody case. *Id.* The "rule of seize and run" was widespread, and the new court often overturned the first state's ruling. *Id.* Because forum shopping is a problem especially when children are used as a pawn in a battle for a new, more favorable ruling, legislators sought to prevent it through jurisdictional conformity. *Id.*

¶ 19    In 1968, the National Conference of Commissioners on Uniform State Laws (NCCUSL) promulgated the Uniform Child Custody Jurisdiction Act (UCCJA) in an attempt to provide uniform rules of subject matter jurisdiction in child custody cases. Robert G. Spector & Cara N. Rodriguez, *Jurisdiction Over Children in Interstate Placement: The UCCJEA, Not the ICPC, Is the Answer*, 41 Fam. L.Q. 145, 148 (2007). The UCCJA sought to avoid jurisdictional conflicts and competition between states, to protect children's best interests, and to discourage forum shopping. *In re Marriage of Kneitz*, 341 Ill. App. 3d 299, 304, 793 N.E.2d 988, 993 (2003). Jurisdictional and enforcement problems continued to plague interstate custody after the UCCJA, so in 1980, the federal government enacted the Parental Kidnapping Prevention Act (PKPA). Spector & Rodriguez, *supra* at 149. "As documented in an extensive study by the American Bar Association's Center on Children and the Law, inconsistent interpretation of the UCCJA and the technicalities of applying the PKPA resulted in a loss of uniformity to child custody adjudication among the states." *Id.* at 150. As a result, the NCCUSL revised the UCCJA and, in 1997, the UCCJEA was promulgated. *Id.* The UCCJEA became effective in Illinois on January 1, 2004. *In re Joseph V.D.*, 373 Ill. App. 3d 559, 561, 868 N.E.2d 1076, 1077 (2007). The UCCJEA "was promulgated to end custody jurisdictional disputes between

states, to promote cooperation between states in determining custody issues, and to enhance the ability of states to enforce custody orders expeditiously." *Id.* To solve forum shopping by parents, legislators through the PKPA and the UCCJEA gave a state exclusive, continuing jurisdiction once a state made an initial child custody determination. Wessel, *supra* at 1145.

¶ 20    Because the UCCJEA and its predecessor the UCCJA were promulgated to avoid jurisdictional conflicts and discourage forum shopping, it seems apparent that the forum with jurisdiction should apply the law of its state. To hold otherwise would thwart the purpose of the UCCJEA and render section 202, the provision for exclusive continuing jurisdiction, meaningless.

¶ 21    There has been very little written in any state about whether the state that retains jurisdiction over child custody matters should apply its own law. In *Stubbs v. Weathersby*, 892 P.2d 991 (Or. 1995), the Oregon Supreme Court held that because the UCCJA was intended to prevent forum shopping, it followed that "when a state has jurisdiction in a child custody matter, the UCCJA guarantees that the forum state has an interest in applying its own law to the case." *Id.* at 998.

¶ 22    The court in Utah adopted a choice-of-law analysis in a proceeding to terminate parental rights. In *State ex rel. S.O. v. State*, 2005 UT App 393, 122 P.3d 686 (*per curiam*), the father appealed an order terminating his parental rights arguing that the court erred by applying Utah law to his acts that occurred in Arizona. *Id.* ¶ 2. The court held that proceedings to terminate parental rights are status adjudications because they involve the status of the child *vis-à-vis* his or her parents. *Id.* ¶ 4. The court found that Utah had adopted the "most significant relationship" approach to the choice-of-law analysis as described in the Restatement (Second) of Conflict of Laws. *Id.* ¶ 3. The court held that once the Utah court determined that it had jurisdiction, the Utah court "necessarily determined that Utah [was] the state with the 'most significant relationship' for choice of law purposes." *Id.* ¶ 4. We agree with this observation.

¶ 23    In determining which court has jurisdiction in custody matters under the UCCJEA, the court applies a similar analysis to that applied for choice of law. Illinois follows the Restatement (Second) of Conflict of Laws in making choice-of-law decisions. *Safeco Insurance Co. v. Jelen*, 381 Ill. App. 3d 576, 579, 886 N.E.2d 555, 558 (2008). Subject to constitutional limitations, the forum court applies the choice-of-law rules of its own state. *Townsend v. Sears, Roebuck & Co.*, 227 Ill. 2d 147, 155, 879 N.E.2d 893, 898 (2007). If an Illinois court is determined to be the home state for jurisdiction, it is necessarily the state with the most significant relationship for choice-of-law purposes and Illinois law applies.

¶ 24    A proceeding to involuntarily terminate parental rights is a drastic measure which determines whether a person should continue to hold the legal status of a parent or have his custodial or noncustodial rights removed forever. *In re D.D.*, 196 Ill. 2d 405, 417, 752 N.E.2d 1112, 1118 (2001). "[W]hen a petition for adoption alleges that a parent is unfit, abrogating the need for that parent's consent to the adoption, the trial court is initially to determine the parental unfitness, basing that determination on any evidence relevant to the particular grounds of unfitness alleged." *In re Adoption of Syck*, 138 Ill. 2d 255, 277, 562 N.E.2d 174, 184 (1990). When terminating parental rights, the best interests of the child can only be considered if the court finds by clear evidence that the parent is unfit or consents to the termination. *Id.*

¶ 25    Leslie asserts that Gabriel is an unfit parent. In an order entered by the California court on September 20, 2013, the court found:

"Leslie's petition to free the children from Gabriel's custody and control principally alleges abandonment (FC § 7822(a)(3) & (b)), disability due to drug addiction (FC § 7824), developmental disability or mental illness (FC § 7826) and permanent mental disability (FC § 7827). Most (if not all) the evidence on these issues is in Illinois. Moreover, [Gabriel] apparently could not travel easily to California to attend a hearing on the termination of his parental rights. While the court has not asked him, it assumes he would want to.

Finally, the Family Code itself suggests Illinois is an appropriate location to hear Leslie's petition–if California were the home state (which it is not), most of the factors listed in FC § 3427(b) point to Illinois as the more convenient forum."

¶ 26 The California court acknowledged that Illinois has the most significant relationship to Gabriel's status as a fit parent. Gabriel has received his medical care in Illinois or in St. Louis, which is in close proximity to his home in Illinois. Gabriel is wheelchair-bound and has very limited ability to communicate. He resides with his father and stepmother. His visits with his children have all taken place in Illinois. His communication with his children takes place with the assistance of his family who reside in Illinois. The evidence regarding Gabriel's medical condition, his abilities, and his interaction with his children is found in Illinois. Illinois has the most significant relationship to Gabriel's fitness as a parent.

¶ 27 Leslie argues that Gabriel waived his right to appeal the Illinois court's decision to apply California law because he failed to pursue an interlocutory appeal under either Illinois Supreme Court Rule 306(a)(5) (eff. Feb. 26, 2010) or Illinois Supreme Court Rule 308(a) (eff. Feb. 26, 2010). Both of the rules cited by Leslie provide only for permissive interlocutory appeals. Rule 306(a)(5) allows an aggrieved party to petition for leave to appeal from an interlocutory order "affecting the care and custody of unemancipated minors." Ill. S. Ct. R. 306(a)(5) (eff. Feb. 26, 2010). The trial court's initial order determining that California law would be applied in this proceeding was not an order affecting the custody of the parties' children and was not appealable under Rule 306(a)(5). Regardless, a decision to forego an interlocutory appeal of an issue under Rule 306(a) does not waive the issue after judgment. *Brdar v. Cottrell, Inc.*, 372 Ill. App. 3d 690, 707, 867 N.E.2d 1085, 1101 (2007). Likewise, a request for an interlocutory appeal under Rule 308 is entirely optional, and "nothing in Rule 308 or in case law states that failure to assert one's rights under the rule amounts to waiver of the issue." *Prosen v. Chowaniec*, 271 Ill. App. 3d 65, 68, 646 N.E.2d 1311, 1313 (1995). A litigant is not required to pursue a permissive interlocutory appeal. Gabriel's decision not to pursue a permissive interlocutory appeal did not waive his right to appeal the Illinois court's decision to apply California law.

¶ 28 The trial court erred in applying California law. The UCCJEA was promulgated in part to prevent forum shopping. In keeping with the purpose of the UCCJEA, the state with jurisdiction should apply its own law. If Illinois has been found to be the home state under the UCCJEA, the court has necessarily found that Illinois has the most significant contacts for custody decisions and Illinois law applies. The trial court erred in holding a trial based on California pleadings and California law. Because the trial court erred in applying California law, we need not address the other issues raised in this appeal. The judgment of the trial court is reversed and this cause is remanded to give Leslie the opportunity to file a petition to terminate parental rights under Illinois law, and for a new hearing in which the law of the State of Illinois shall be applied.

¶ 29                                              CONCLUSION

¶ 30           For the reasons stated, we reverse the judgment of the circuit court of Madison County and
remand for further proceedings applying the law of the State of Illinois.


¶ 31           Reversed and remanded.