2015 IL App (2d) 140345
No. 2-14-0345
Opinion filed February 23, 2015

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| *In re* MARRIAGE OF JENNIFER HILL, | ) | Appeal from the Circuit Court |
| | ) | of Kendall County. |
| Petitioner-Appellee, | ) | |
| | ) | |
| and | ) | No. 03-D-72 |
| | ) | |
| RONALD M. HILL, JR., | ) | Honorable |
| | ) | Marcy L. Buick, |
| Respondent-Appellant. | ) | Judge, Presiding. |

PRESIDING JUSTICE SCHOSTOK delivered the judgment of the court, with opinion. Justices Hutchinson and Jorgensen concurred in the judgment and opinion.

**OPINION**

¶ 1   The respondent, Ronald M. Hill, Jr., appeals from the December 30, 2013, order of the circuit court of Kendall County setting child support, ordering that he pay retroactive child support, and ordering that he pay attorney fees for the petitioner, Jennifer Hill.  For the reasons that follow, we dismiss Ronald's appeal.

¶ 2   The parties were married in 1994 and divorced in 2004.  They had three children together.  Jennifer was designated as the children's primary residential custodian.  The judgment reserved Ronald's child support obligation and instead provided that he was to pay $4,250 per month for unallocated family support until September 2008.  After that date, Ronald's child support obligation would be established based on the appropriate percentage of Ronald's income.

Despite this language, Ronald's support obligation was not recalculated after September 2008. Instead, he continued to pay $4,250 per month.

¶ 3    On July 17, 2012, Jennifer filed a petition to set child support. On December 30, 2013, following a hearing, the trial court set Ronald's monthly child support obligation at $19,284.48. The trial court further ordered that the child support obligation was retroactive to July 17, 2012, totaling $337,478. Additionally, the trial court ordered that Ronald pay Jennifer's attorney fees of $49,025.04. Following the denial of his posttrial motion, Ronald filed a timely notice of appeal.

¶ 4    On September 5, 2014, Jennifer filed a motion to dismiss Ronald's appeal or alternatively to enter a stay pending the trial court's enforcement of its orders. Jennifer argued that Ronald was not complying with the trial court's orders as he had paid neither child support nor her attorney fees. Although the trial court had issued several rules to show cause, they were not served on Ronald, because his whereabouts were unknown. Relying on *Garrett v. Garrett*, 341 Ill. 232, 234 (1930), Jennifer argued that, where a party seeks review of a judicial order while at the same time defying the trial court's attempts to enforce that order, the appeal should be dismissed.

¶ 5    On October 1, 2014, we denied Jennifer's motion to dismiss but ordered that this case be placed on inactive status until December 15, 2014. We further ordered that, at that time, Ronald was to inform us of the status of the postjudgment enforcement proceedings.

¶ 6    On December 11, 2014, Ronald filed a report with this court. He indicated that on October 16, 2014, the trial court ordered that he appear on October 23, 2014, to be read his rights with respect to a pending rule to show cause and a citation summons with which he had never

been personally served. On October 23, 2014, he did not appear and the trial court held him in indirect civil contempt.

¶ 7    Having now considered Ronald's report, we determine that his appeal should be dismissed for the reasons set forth in *Garrett*. In that case, the husband was ordered to pay alimony, attorney fees, and court costs. He appealed from that order. While his appeal was pending, the husband refused to comply with the trial court's order and therefore was found in contempt. The trial court was not able to enforce its contempt order, however, because the husband was concealing himself outside Illinois. The supreme court found that the husband's absence hindered and embarrassed the due course of procedure by preventing the court from enforcing its decree. *Id.* at 234. The supreme court therefore concluded that "no reason is here disclosed why we should give consideration to one showing his contempt for our courts at the same time that he asks their affirmative assistance." *Id.*

¶ 8    Here, Ronald's conduct of defying the trial court's order at the same time he is seeking review of it is analogous to the husband's conduct in *Garrett*. Therefore, like in *Garrett*, we dismiss Ronald's appeal. Like the husband in *Garrett*, Ronald is concealing himself from the court's authority and is "showing his contempt for our courts." Although *Garrett* is not a recent decision, we believe that the principles it annunciated, condemning a litigant's attempt to hinder and embarrass a court's authority, are as applicable today as when the supreme court authored its decision 85 years ago. We also note that other courts have recognized the continuing validity of *Garrett*. See, *e.g.*, *In re Marriage of Timke*, 219 Ill. App. 3d 423, 426 (1991) (explaining that the supreme court in *Garrett* "clearly and unmistakably held" that a party is not entitled to appellate review of an order that he is defying).

¶ 9    In so ruling, we note that *Garrett* is not inconsistent with more recent supreme court pronouncements that have held "that exposing one's self to a finding of contempt is an appropriate method of testing the validity of a court order." *People v. Shukovsky*, 128 Ill. 2d 210, 219 (1988) (citing *People ex rel. General Motors Corp. v. Bua*, 37 Ill. 2d 180, 189 (1967)).  Our courts have interpreted those cases to mean that one should not be sanctioned for being found in contempt if: (1) he made a good-faith effort (2) to secure an interpretation of an issue without direct precedent (3) as to an order that would otherwise not be appealable.  *In re Marriage of Levinson*, 2013 IL App (1st) 121696, ¶ 56; *People v. Campobello*, 348 Ill. App. 3d 619, 626 (2004).  Here, Ronald's appeal challenges the calculation of child support and an award of attorney fees.  As such, he is not making a good-faith effort to secure an interpretation of an issue without direct precedent.  See *Levinson*, 2013 IL App (1st) 121696, ¶ 56.  Further, the order he is refusing to comply with is clearly appealable.  *Cf. Campobello*, 348 Ill. App. 3d at 626.  Accordingly, as *Bua*, *Shukovsky*, and its progeny are distinguishable from *Garrett*, our reliance on *Garrett* is appropriate.

¶ 10    For the foregoing reasons, we dismiss Ronald's appeal.

¶ 11    Appeal dismissed.